No. 15,580.

EDWARDS *v.* EDWARDS.
(157 P. [2d] 616)

Decided March 19, 1945.

Mr. O. OTTO MOORE, for plaintiff in error.

Mr. ISAAC MELLMAN, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter referred to as there.

Plaintiff had prevailed in an action against defendant for divorce and a contract had been entered into between them settling their property rights. That contract is hereinafter referred to as "A." Plaintiff brought this suit for alleged defaulted payments due under "A" and had judgment. To review that judgment defendant prosecutes this writ, asks issuance of supersedeas, and requests final judgment. Plaintiff joins in that request. The four assignments amount only to the assertion that error was committed in holding the contract "good" and

the defense thereto, including a counterclaim, insufficient for want of facts.

The interlocutory decree was dated June 12, 1941, the final decree December 13, following, and "A" June 11, 1941. Under the latter defendant agreed to pay plaintiff $20.00 per week. He did so for over one year and then, without pretense of authority, reduced his payments to $7.50. Judgment was for the deficit.

The execution, delivery and terms of "A" are undisputed; nor it is questioned that it set forth the specific intent of the parties. This action was a straight suit thereon. The answer and counterclaim (we make no attempt herein to differentiate) allege mistake of law and fact in the execution of "A," and changed circumstances of the parties, which, it is said make enforcement inequitable and unjust. The prayer is that "A" "be *rescinded* and that the court decree that a *modification* of said contract be entered into between the parties, reducing the monthly payments * * * in such amount, as to the court may seem just and equitable under the circumstances." Plaintiff denied the alleged mistake and the altered status of the parties. Various motions properly raised the question of the sufficiency of the pleaded defenses. All were overruled.

"A" recites, inter alia, that its purpose is to settle the property rights of the parties "without the intervention of the court to determine said rights." The divorce decree recites that the property settlement made by "A" "be and the same is hereby approved by the court and made a part of this decree." No further reference to it, and no mention of its provisions, appears. The mistake alleged is that at the time of the execution of "A" the parties and their attorneys (both represented by competent counsel), and attorneys generally, believed that such reference in a divorce decree to such a contract made its provisions a part of the divorce decree and subject to future modifications by the court when changed circumstances required. However, on

December 7, 1942, we held the contrary, and a few weeks later reaffirmed that holding. *McWilliams v. McWilliams*, 110 Colo. 173, 132 P. (2d) 966; *Campbell v. Goodbar*, 110 Colo. 403, 134 P. (2d) 1060.

About six weeks after the announcement in the McWilliams case defendant reduced his payments, as above recited, and he herein seeks, by reason of this alleged mistake of law and fact (which if any mistake at all was clearly one of law), to put himself in the position he would have occupied had that conception of the law which he says was held by the parties and their attorneys at the time of the execution of "A" been correct.

This cause was tried to the court, without a jury, on September 8, 1944. Plaintiff testified and rested. She was cross-examined in detail as to the financial status of the parties and changes therein. Asked if she thought when "A" was signed that the court would modify it in case of emergency she answered "No." Defendant was the sole witness called in his own behalf and no other was offered. He supported his pleading as to the alleged mistake. It appears from his testimony that at the time of the execution of "A" he was earning $40.00 per week and at the time of the trial $55.00; that he had remarried July 30, 1944; and that the alleged impairment in his` ability to meet the stipulated payments was due to imperative demands upon his income arising after the entry of the decree of divorce.

The following recitation appears in the court's findings: "And the court having heard the evidence produced as well on behalf of said defendant as of the said plaintiff and the arguments of counsel and being now sufficiently advised in the premises, doth find the issues herein in favor of the plaintiff and against the defendant." No other reason appears for the judgment thereupon ordered entered, and no objection or exception thereto.

The record does not disclose that either party formally rested at the close of defendant's testimony,

but permits of no other interpretation. A recess was taken during which a conference seems to have occurred between court and counsel, and remarks thereafter recorded indicate that at that conference the court suggested some probable ruling, at least that he felt bound by our holding in the McWilliams case. He would probably have been justified in entering judgment on one of the interposed motions, hereinbefore mentioned, on the theory that no valid defense was pleaded, and he certainly would have been justified in sustaining certain of the objections interposed to portions of defendant's evidence. He did neither. Quite evidently out of an abundance of precaution he admitted every defense pleaded and heard every scrap of evidence offered in support thereof. Whether his final judgment was based upon law or fact we have no way of determining from the record. If he concluded that there was, in truth, no mistake of law, or that changed circumstances did not justify a modification or recision of "A," it would be a conclusion of fact based upon conflicting evidence, hence not subject to reversal. If his conclusion was that "A" was no part of the divorce decree hence not subject to modification as such, hence "good," he was right. If his conclusion was that, irrespective of altered circumstances, the only ground for modification or recision was that the alleged mistake, assuming its existence, was purely one of law, hence impotent to support his interference, he was right. As we have heretofore frequently said, "If the decision of the trial court is correct the reason given therefor is immaterial." If a mistake of law were sufficient to support modification the mistake here asserted would be impotent because wholly unjustified. The general rule is that a judgment depends for validity upon its own terms, and extraneous documents can never be written into it by inference or reference. That rule had been specifically invoked and applied by this court in this jurisdiction in a proceeding to revise a divorce decree more than nine years prior

to the execution of "A." It was no novel theory which emerged for the first time with the announcement in the McWilliams case. *Kastner v. Kastner,* 90 Colo. 280, 9 P. (2d) 290. Were it otherwise still this defendant could not prevail since it has been the established rule of this jurisdiction, for more than thirty years at least, that a mistake of law affords no ground for reformation or cancellation of a contract. *First Nat. Bank v. Shank,* 53 Colo. 446, 455, 128 Pac. 56; *Bowles v. Miller,* 96 Colo. 145, 150, 40 P. (2d) 243.

The judgment is accordingly affirmed.