No. 18,334.

DOROTHY MURPHY *v.* FLOYD MURPHY.
(335 P. [2d] 280)

Decided February 9, 1959.

Mr. JOHN R. WALL, for plaintiff in error.

Messrs. STINEMEYER & STINEMEYER, Mr. H. R. HARWARD, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

THE parties are here in the same order in which they appeared in the trial court, and we refer to them as they there appeared, or as wife and husband.

Plaintiff instituted this action to set aside a property settlement agreement entered into by the parties on November 3, 1952, prior to the filing of a divorce action by the defendant husband in the district court of Fremont County. To this action the defendant answered setting

up several defenses, among them that the judgment and decree in the divorce action is res judicata of the cause of action set forth in plaintiff's complaint. Thereafter defendant moved for judgment on the ground that the present action constituted a collateral attack on the judgment and decree in the divorce case. Upon hearing the motion was granted and judgment of dismissal entered. Plaintiff seeks reversal by writ of error.

The facts necessary to an understanding of the issues before this court, are as follows: Plaintiff and defendant were married in 1926 in Kansas. On November 3, 1952, in contemplation of separation and divorce, the parties entered into the property settlement agreement which has become the subject matter of this action. The agreement, among other things, provided that in consideration of the conveyance to plaintiff of certain specifically described real estate and personal property, together with the payment of certain sums in cash, the wife thereby released all rights of inheritance in the husband's estate; all right to support money, alimony or any other monetary contribution, and agreed that during her lifetime she would not sue for, claim or demand any other or further property rights or support money by reason of the marriage relationship. She further agreed to convey, release, remise and set over to the husband all property in which the husband might have an interest, other than that specifically conveyed to the wife. The property to be retained by the husband is not described in the agreement. The agreement recites that it constitutes a full and complete settlement of the respective property rights of the parties and is to be embodied as a part of any divorce decree which may be entered.

On November 6, 1952, the divorce action was filed by the husband as plaintiff, and proceeded uncontested to a hearing and interlocutory decree on December 12, 1952. The interlocutory decree contains the following reference to the property settlement agreement:

"And it is further ordered, adjudged and decreed that

the property settlement heretofore entered into by the plaintiff and defendant on or about the 3rd day of November, 1952, a copy of which is attached hereto and made a part hereof by specific reference, is hereby incorporated in this Interlocutory Decree and confirmed by the court."

In the final decree entered June 12, 1953, reference to the property settlement agreement is made as follows:

"AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the property settlement agreement heretofore entered into by the plaintiff and defendant on or about the 3rd day of November, 1952, and incorporated in the Interlocutory Decree herein is hereby confirmed and approved."

The wife alleges that throughout the negotiations leading to the settlement agreement, as well as in the divorce action, she was not represented by counsel and had no advice as to her legal rights; that she was induced to enter into the agreement by the false representations of the husband, his counsel and his friends; that the value of the property awarded to her by the agreement was substantially less than that represented, while that retained by the husband was considerably more; that at the time of these transactions she was mentally and physically ill and had no knowledge of her lawful and just rights under the circumstances.

It is urged that the trial court erred in holding that the instant action is a collateral attack on the divorce decree, and that such decree is res judicata of the issues presented by plaintiff's complaint. Defendant contends that the agreement was merged in the divorce decree, hence is a bar to this action.

██ The question posed here is: May the plaintiff assail the settlement agreement in a separate action as fraudulent, or, under the circumstances shown, was the agreement merged in the divorce decree so as to render a separate action thereon a collateral attack on such decree? We think that *McWilliams v. McWilliams,* 110

Colo. 173, 132 P. (2d) 966; *Campbell v. Goodbar,* 110 Colo. 403, 134 P. (2d) 1060; *Edwards v. Edwards,* 113 Colo. 390, 157 P. (2d) 616, and the later case of the *United States National Bank v. Bartges,* 120 Colo. 317, 210 P. (2d) 600, have resolved the question contrary to the contentions of the defendant. The rule announced in those cases may be summarized as follows: Where the trial court in a divorce action has had no part in determining the property and financial rights of the parties, other than to approve and confirm an agreement purporting to settle all such financial and property rights, the incorporation of such agreement by reference in the interlocutory or final decree in the action does not make the terms of such agreement an order or decree of the court; is not a determination by the court of the respective rights of the parties, but is their voluntary adjustment of their differences, and unless the terms thereof are adopted by the court and fully and specifically set forth in the order or decree, the rights of the parties rest wholly upon the contract and not upon the decree of the court.

*McWilliams v. McWilliams,* supra, was action for divorce commenced in the county court and a contract entered into by the parties by which they attempted to settle their financial differences. It was therein provided that the articles of agreement would be specifically referred to and incorporated in the divorce decree. The interlocutory decree entered thereafter recited the following: "Ordered, Adjudged and Decreed that the agreement heretofore entered into by and between the parties hereto, introduced in evidence herein and identified as Exhibit A be and the same is hereby approved by the court and made a part of this decree." Later an action was commenced in the district court on the settlement agreement and a motion to dismiss was granted on the ground that the district court was without jurisdiction for the reason that the matter had already been adjudicated in the county court. The clear cut issue there, and

here, was whether the property settlement agreement was merged in the final decree. In holding that it was not, the court said:

"If the property rights and obligations of the parties to a divorce action, who have entered into a settlement agreement, are to rest upon the decree therein, then any such agreement as to those rights and obligations should be fully and specifically set forth in the decree, in order that the duties imposed upon, and the rights granted to, the parties can be ascertained from the decree itself."

In *Campbell v. Goodbar,* supra, a similar situation was presented. In that case a contract had been entered into between the parties purporting to settle their monetary and property rights, and providing for periodic payments by the husband to the wife through the registry of the court. A copy of this agreement was filed with the clerk of the court and the interlocutory decree recited the following:

"It is further ordered that the defendant make the payments into the registry of the Court which he agrees to make in the Agreement between the parties on file herein, and which is hereby approved, promptly when the same become due and payable * * *."

Default having occurred in the payments specified, a citation for contempt was issued and the husband adjudged guilty. Upon writ of error to this court it was held that the provision in the decree requiring the defendant to pay into the registry of the court the amounts for which he was liable under the agreement, did not overcome the rule laid down in the McWilliams case that, "The stipulation and property settlement having been approved by the courts, but the terms thereof not having been set forth in the decree of divorce, the rights of the parties rest upon the contract and not upon the decree, and are contractual and not decreed rights and obligations."

Here the terms of the settlement agreement are not set forth in the decree. The court had no hand in

formulating its provisions, and, so far as appears from the record, the agreement was fully executed at the time the final decree was entered. Here, as in *McWilliams*, resort must be had to a document other than the decree to ascertain the rights and obligations of the parties, they cannot be ascertained from the decree itself. It makes no difference whether the agreement be "introduced in evidence" as in *McWilliams v. McWilliams*, or "filed herein" as in *Campbell v. Goodbar*; "made a part of this decree" as in *Edwards v. Edwards*, or "attached hereto" as in the case before us. To meet the rule of the *McWilliams* case the terms of any such agreement must be "Fully and specifically set forth in the decree," otherwise the rights of the parties rest upon the contract and not upon the decree.

Defendant's counsel relies mainly upon the case of *Gavette v. Gavette*, 104 Colo. 71, 88 P. (2d) 964, as supporting his claim that the agreement here was merged in the decree in the divorce action, hence is a bar to the present action. To the extent the *Gavette* case is in conflict with *McWilliams v. McWilliams* and subsequent cases, it is no longer authority in Colorado.

The plaintiff's claim here is one of fraud and misrepresentation in procuring her consent to the settlement agreement. Her complaint is based upon the document and the circumstances of its execution, and not upon any order or decree of the court.

"Thus the action of the plaintiff is one which assails the contract, and not the decree of the divorce court. It follows that the trial court has jurisdiction of the subject matter of this action." *United States National Bank v. Bartges,* supra.

From the foregoing it is clear that the plea of res adjudicata should have been overruled and the issues presented by the pleadings determined on their merits.

The judgment is reversed and the cause remanded for further proceedings in harmony with the views expressed.