No. 19,986.

Anna Mary Irwin *v*. Everett Irwin.

(372 P. [2d] 440)

Decided June 11, 1962.    Rehearing denied July 2, 1962.

Mr. Robert A. Lehman, for plaintiff in error.

Mr. ALEX STEPHEN KELLER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

WE refer to the plaintiff in error as the wife and to the defendant in error as the husband.

On October 3, 1957, the husband was awarded a final decree of divorce from the wife. The matter of custody and support of three minor children, of permanent alimony for the wife, and division of property was reserved for future consideration.

On December 3, 1957, judgment was entered resolving these matters and the wife, being dissatisfied with the award, filed her motion requesting modifications thereof favorable to herself. This motion was denied and she brought the matter to this court by writ of error, seeking to have the award or judgment modified as per her request.

Sometime prior to February 27, 1959, the wife had commenced Civil Action No. B-24,828 in the District Court of the City and County of Denver, wherein the husband was the party defendant. The record before us does not disclose the nature of that action, the relief sought or the status of it on the last mentioned date, except that it was then pending.

On February 27, 1959, the husband and wife (then no longer husband and wife) entered into and executed a written agreement:

" * * * effecting a property settlement agreement *between themselves.*" (Emphasis supplied.)

At the outset this agreement provided for (1) dismissal, with prejudice of the above mentioned writ of error and the case pending in the Supreme Court; (2) dismissal with prejudice of the above mentioned case then pending in the District Court.

The agreement dealt with all matters that had been

resolved by the trial court and granted to the wife most of the benefits which she had requested in her motion for modification.

The agreement contains the following provisions with reference to matters pertinent to the questions now before this court:

1. "Defendant [husband] shall pay to Anna Mary Irwin [wife] the sum of $75.00 per month for the support of Stanley Ross Irwin; * * * $75.00 per month for * * * Pamela Arlene Irwin; * * * $75.00 per month for * * * Steven Wade Irwin; * * * alimony in the amount of $100.00 per month commencing December 1, 1958, and the sum of $135.00 per month commencing June 1, 1959 * * * ."

2. Title to the home was to be placed in the names of the wife and children as joint tenants, the wife owning one-half and the children the other one-half. All of the furniture and furnishings therein and rentals therefrom to be the sole property of the wife. The husband agreed to make all monthly payments due or to become due on the home.

3. "The following life insurance policies [eight in number providing for coverage totalling $31,634.00] shall be kept in full force and effect by defendant, and the beneficiaries shall remain as indicated, provided, however, that if the plaintiff should remarry, then the defendant may change the policies in which she is beneficiary to only the children of the parties as beneficiaries therein; * * * ."

This agreement is signed by the husband and wife and thereon appears the following: "APPROVED BY:" counsel for the wife; "APPROVED BY:" counsel for the husband; and "Approved by the Court," all of whom signed. (The decree of divorce and property settlement order of December 3, 1957, is signed by Joseph E. Cook, Judge, whereas the court approval to this agreement is signed by Neil Horan, Judge.)

On February 14, 1961, the husband, by his present

counsel, filed his "MOTION FOR ELIMINATION OF ALIMONY, REDUCTION OF SUPPORT MONEY AND FOR CHANGE OF INSURANCE AND HOUSE PAYMENTS." In this motion it is alleged that conditions have changed in that: (1) the wife is now employed and receiving a substantial salary; (2) the oldest child, now nineteen and one-half years of age, is self-supporting; (3) the insurance provisions now in effect are detrimental to the interest of all parties, and the defendant (husband) should be permitted to change said policies.

The husband requested an order (a) ending alimony payments; (b) reducing the payments for support of the children; (c) ending the house payments, and changing the insurance provisions now in effect.

The wife filed no responsive pleading.

Hearing was had on the motion and testimony taken. From the record it is apparent that counsel and the court all proceeded on the theory that the rights and duties of the parties were as defined in the property settlement order entered on December 3, 1957. Wholly overlooked and ignored was the agreement of the parties entered into on February 27, 1959.

On February 27, 1959, the parties were in litigation in the district court and in this court. Nothing had been finally determined except the divorce. On that date the husband and wife entered into a binding contract whereby they set forth in detail the rights and duties of each to the other; they put an end to all pending litigation and even undertook to delineate their respective rights and duties to their children.

On July 24, 1961, the trial court entered its order (1) relieving the husband of paying maintenance of $75.00 per month for Stanley Ross Irwin; (2) directing the husband to pay the wife alimony of $194.31 per month, that amount being arrived at by: " * * * adding the house payment [$59.31] * * * to [$135.00, the amount agreed upon — not the $75.00 awarded] the previous alimony awarded * * * "; (3) authorized the husband

to withdraw three of the eight policies described in the agreement, the coverage of said three policies being $26,134.00, to forthwith borrow on them (the then loan value being $3700.00), and at the end of sixty days said policies to be the sole and separate property of the husband, and to substitute therefor other insurance policies with no surrender value or loan privileges; (4) ordered the husband to pay the wife's counsel $250.00 on account of services rendered in these proceedings and directed the husband to pay a dental bill of $102.00.

The wife is here by writ of error seeking reversal of the modifications, claiming that they affect her adversely.

■ The husband and wife were competent to enter into a binding contract settling all of their own differences and fixing the rights and duties of each toward the other. Clearly the parties substituted contractual rights and duties for claimed rights and duties which were then the subject of litigation and undetermined.

■ Constitutional provisions inhibit the passage of any law impairing the obligation of contracts. *A fortiori* the judiciary cannot relieve parties to a fair and binding contract from the obligations thereof, or deny them the rights granted. The order of the court ignores the solemn and binding contract of the parties, a contract the manifest purposes of which were to avoid the courts and determine their affairs by mutual agreement.

It is true, parents may not by contract divest the court of continuing jurisdiction over the custodial rights and duties of maintenance of children during their minority.

■ Here, however, there is no contention that any child is suffering from lack of proper care and support. The only one who claims to be suffering is the husband — his suffering, if any, stems from his contractual obligations and relief, if any, must be based upon the rights of the parties under the contract. Even though he were under no further parental duty to support his child, that

fact does not *ipso facto* relieve him of any contractual obligation that he may have assumed.

At the time of the hearing this son was nineteen and one-half years of age, had quit school and was earning at least $30.00 per week which he was squandering in activities which should be discouraged, rather than financed by over-indulgent parents. The trial court, in seeking to relieve the husband of the duty to contribute to the maintenance of Stanley Ross Irwin, stated:

" \* \* \* that the support money will be reduced to $150 a month, in view of the fact that this young man has decided to emancipate himself, he is not going to school, and he is working, and he should accept the responsibility of maturity. \* \* \* ."

■ That language might be very apropos of a court relieving one from a court imposed obligation. It might be a good criterion as to what the parties intended when they agreed upon the child's support, and no doubt intended that such support should at some time cease. Whether that time has arrived would involve construing the contract and making effective the intention of the parties thereto.

■ The trial court ordered the husband to pay plaintiff's counsel on account of attorney fees the sum of $250.00. Holding, as we do, that the parties had settled all of their problems by contract and that the only duties of the husband are those set forth in the contract, we find no authority in the court to impose new and additional burdens upon him. The fact that the husband's claim is without merit does not warrant the order for payment of attorney fees.

The judgment is reversed and the cause remanded with directions to dismiss the husband's motion.

MR. CHIEF JUSTICE DAY and MR. JUSTICE MCWILLIAMS concur.