Mr. Justice Sutton
delivered the opinion of the Court.
This writ of error challenges the validity of a trial court order awarding defendant in error temporary attorney’s fees and court costs which exceed those agreed upon by the parties in a written stipulation. We shall refer to the parties by name where necessary.
The record discloses that the parties were married June 23, 1956; that Herbert adopted two minor children of Gladys; and that thereafter, the parties had a child of their own. Herbert is a truck driver. During their marriage, he and his wife accumulated certain property, including a house, furnishings and two automobiles. The parties were separated March 11, 1963. On June 5, 1963, with and by the advice of independent legal counsel, they entered into a lengthy written “Stipulation and Agreement.”
The Agreement between the parties recited that a full disclosure of assets had been made; that Herbert would pay $50.00 per month support for each of the three children after Gladys and the children vacated the home; provided for the payment of certain interim support; granted visitation rights; made a division of the property; waived Gladys’ alimony; and provided for the following pertinent language:
(1) “* * * mutual releases of any and all claims of every kind, nature and description which either may have against the other;” and
(2) “13. If, as and when a final decree of divorce is entered in favor of either or both of the parties hereto, the Second Party agrees to Pay to Edward A. Brown, First Party’s Attorney, the sum of $175.00 which shall *95 constitute payment in full of all First Party’s attorneys [sic] fees in the prosecution or defense of said action in divorce including the preparation of this Agreement, which shall be due from the Second Party and the Second Party in addition thereto, agrees to pay the costs of filing of said action for divorce in the amount of $16.00.”
Thereafter, Gladys sought an uncontested divorce. Herbert, however, disputed part of the Separation Agreement and resisted her action all of which necessitated the taking of a deposition and a day and a half hearing. Following this, Gladys filed her “Motion For Attorney’s Fees and Court Costs” in the trial court, stating:
“Plaintiff moves that the Court enter an order granting her attorney’s fees, and court costs and cost of Deposition, and states that Defendant has sufficient income and property to pay therefore and the Plaintiff has insufficient funds for said purposes, particularly where the increased costs and fees were necessitated by the unilateral action of Defendant and Plaintiff should be placed in a position equal to that of Defendant.”
The trial court held a hearing on the above motion. Herbert asserted that the Stipulation and Agreement were a bar and in addition that he had no present ability to pay. The court, however, saw fit to grant Gladys the sum of $250.00 attorney’s fees plus court costs. Herbert asserts that error was thereby committed citing Irwin v. Irwin, 150 Colo. 261, 372 P.2d 440 (1962).
In Irwin a husband attempted to have a written property settlement agreement, which had been approved by counsel and the trial court during litigation, modified because of changed conditions. This court there reversed the order of the trial court granting the request.
A review of this record shows that the facts here are different from those in Irwin. In the instant case the husband was not seeking to modify a contract due to changed conditions but was seeking to abrogate his agreement in part and yet hold his wife to the part re *96 lating to attorney’s fee. This he could not do. The trial court so recognized and we agree that Gladys was not prevented by her prior agreement from seeking additional attorney’s fees under these circumstances.
The judgment is affirmed.