Opinion by
Mr. Justice Moore.
The plaintiff in error will be referred to as the defendant, and defendant in error as the plaintiff.
Plaintiff obtained a decree of divorce on June 11, 1962, in the district court of the City and County of Denver. In that decree it was provided:
*185 “That the temporary orders entered by this Court under date of March 29, 1962, concerning support, custody and other matters therein mentioned, shall remain in full force and effect until the final orders are made concerning permanent alimony, support money, custody, etc., and the Court retains jurisdiction of this action for such purposes.”
The trial court ordered that the matters of division of property, permanent alimony, support money, custody, costs and attorney fees be set for hearing August 2, 1962, at 2:00 P.M. At that hearing the parties were able to agree upon the property settlement, alimony, support money for the children, court costs, attorney fees and custody of the children. The oral stipulation appears of record and, insofar as pertinent to the present controversy, is as follows:
“The defendant is to pay to the plaintiff as support money for the children, $187.80 a month, and as permanent alimony, the sum of $130.00 per month, making the total of support and alimony, divided as stated, $317.80, which shall be payable once a month, beginning September 1, 1962.”
■ On August 7, 1962, the trial court signed an instrument entitled “Order and Decree, Final Property Settlement” which was approved as to form by counsel for each of the parties. This formal decree of the court contained the following:
“7. The defendant shall pay to the plaintiff, as support money for said children, $187.80 per month; the defendant shall pay to the plaintiff, as permanent alimony, the sum of $130.00 per month, making the total of support and alimony divided as herein stated, $317.80 per month, which shall be payable once monthly, beginning September 1, 1962.”
On August 13, 1964, the defendant was in arrears in the amount of $138 and the plaintiff on that date applied for and received an ex parte judgment against *186 him for that amount. The defendant filed a motion to set aside that judgment on the grounds that in .accordance with his interpretation of our opinion in Irwin v. Irwin, 150 Colo. 261, 372 P.2d 440, the trial court had no authority to enter an ex parte judgment. The defendant contends that the plaintiff’s remedy is to proceed to enforce the agreement upon which the court’s order was based. The trial court denied the motion to vacate the judgment, and the defendant is here on writ of error seeking a reversal of that judgment.
The case of Irwin v. Irwin, supra, is clearly distinguishable upon the facts, from the instant case. In that case the terms of the settlement agreement were not set forth in the decree and were not a part of it. The decree merely recited the fact that the agreement of the parties was approved by the court. Like, or similar, situations appear in Murphy v. Murphy, 138 Colo. 516, 335 P.2d 280; McWilliams v. McWilliams, 110 Colo. 173, 132 P.2d 966; Kastner v. Kastner, 90 Colo. 280, 9 P.2d 290. The rule applied in these cases was stated in McWilliams, supra, as follows:
“The stipulation and property settlement having been approved by the court, but the terms thereof not having been set forth in the decree of divorce, the rights of the parties rest upon the contract and not upon the decree, and are contractual and not decreed rights and obligations.”
The cases cited above we re decided under decrees entered prior to the changes made in 1958 in the statutory law applicable to divorce actions. Laws 1958, p. 223, § 6. Under the new statute, a reference to a separation agreement and an approval thereof by the court, is sufficient to make it a part of the decree.
In the instant case the trial court, in its decree of August 7, 1962, specifically incorporated therein the alimony and support money payments as provided in the stipulation, and the rights of the parties were no *187 longer based upon the contract. In Burke v. Burke, 127 Colo. 257, 255 P.2d 740, this court held that:
“The husband was not entitled to notice of the application for entering of the consolidated judgment for the arrears.”
In Jenner v. Jenner, 138 Colo. 194, 330 P.2d 544, this court again held that each installment which matures under a decree for support money, which had not been modified, becomes a judgment debt similar to any other judgment for money, the decree being final in character with respect to each matured installment, and that a husband in default in the payment of support money is not entitled to notice of the entry of judgment thereon.
In Allingham v. Allingham, 141 Colo. 345, 348 P.2d 259, this court approved Jenner v. Jenner, supra, and applied the rule to a judgment entered by the court of a sister state. Jenner v. Jenner, supra, was adhered to in Beardshear v. Beardshear, 143 Colo. 293, 352 P.2d 969, and followed in Hauck v. Schuck, 143 Colo. 324, 353 P.2d 79.
The judgment is affirmed.
. Mr. Justice Frantz and Mr. Justice Schauer concur.