474 P.2d 800 (1970)
Gwendolyn B. BERGLUND, Plaintiff in Error,
v.
Everett BERGLUND, Defendant in Error.
No. 70-272. (Supreme Court No. 23760.)
Colorado Court of Appeals, Div. II.
July 14, 1970.
Rehearing Denied August 5, 1970.
*801 A. E. Radinsky, Denver, for plaintiff in error.
Williams, Erickson & Wallace, P.C., Howard E. Erickson, Denver, for defendant in error.
Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties are before this court in reverse order from their appearance in the trial court, wherein plaintiff in error was defendant. They were formerly husband and wife who were divorced in 1963. Prior to the final decree, they entered into an agreement which provided among other things that defendant, Gwendolyn Berglund, was to retain custody of their only child and that the plaintiff, Everett Berglund, would pay $200.00 a month for child support, to be raised to $300.00 a month on July 1, 1966, and to continue until September 15, 1968. This agreement was approved and incorporated into and made a part of the divorce decree signed by the court.
On August 1, 1967, plaintiff sent a letter to the clerk of the court, stating that since his daughter was being married he would make no further support payments. The daughter was married on August 11, 1967, and plaintiff made no further support payments. Subsequently, plaintiff engaged an attorney who filed a motion to terminate child support payments. The court found that the father was automatically relieved of his obligation to make support payments to his former wife for the benefit of the daughter after the marriage of the daughter, but that plaintiff was $300.00 in arrears for failure to make the August 1, 1967, payment.
Defendant seeks reversal of this order, claiming that the court erred: (1) in finding the child was automatically emancipated by her marriage; (2) in terminating support payments, which were due prior to entry of the hearing date; (3) in terminating prospective support payments; and (4) in refusing to grant attorney's fees.
We will treat the first three assignments of error together. The trial court terminated all payments which accrued after August 11, 1967. The rule is well settled that the trial court errs when it enters an order canceling delinquent support payments. Drazich v. Drazich, 153 Colo. 218, 385 P.2d 259. As was *802 stated in Engleman v. Engleman, 145 Colo. 299, 358 P.2d 864:
"* * * If changed conditions suggest a modification of the support order the remedy is to bring the matter to the attention of the trial court by filing an appropriate motion. However, any order reducing the amount of support money operates only in futuro."
Plaintiff argues, however, that the court did not cancel past due payments, but rather determined that by marriage the daughter was automatically emancipated and plaintiff was automatically relieved of his obligation to make support payments after August 11, 1967, and that no payments accrued after the date of the marriage. We agree with this contention.
In the case of Engleman v. Engleman, supra, the decree provided payments for the joint benefit of the former wife and two children; and there the court held that the marriage of one child did not automatically relieve the father of a portion of his obligation to pay support and that there would have to be an evidentiary hearing to determine whether or not the support payments should be reduced. In the case before us there are no other children involved, and therefore the question is squarely before this court as to the legal effect of marriage on the father's obligation to pay support for the benefit of the minor daughter; and the further question is presented as to whether relief may be given to the father, since the agreement incorporated into the divorce decree provided that support payments for the daughter would be continued until September 15, 1968.
Defendant argues that regardless of emancipation the court was powerless to approve a cessation of payments, because to do so would be to modify a marriage settlement contract which was later incorporated into a divorce decree. By this argument defendant seeks to deny the trial court's power to modify future support payments due under the decree, even if the child were found to be emancipated as a matter of fact.
Where a marriage settlement contract provides for both property settlement between the parties and child support, we hold that there is such a significant distinction between the two provisions that the trial court may treat them separately. While it is true that property settlement agreements which are incorporated into the divorce decree are not subject to future modification, Lay v. Lay, 162 Colo. 43, 425 P.2d 704, we do not find the same rule to be applicable in the case of child support and custody agreements.
The reason for treating the two differently is firmly rooted in policy. In an action for divorce where children are concerned, the court's basic concern must be for the welfare of the child. Harrison v. Harrison, Colo., 462 P.2d 119.
In Broome v. Broome, Colo., 450 P.2d 642, the parties had entered into an agreement whereby the father was to pay $150.00 a month in child support. The agreement was incorporated into the divorce decree. Later, upon petition by the mother, the court increased the child support payments by $50.00 per month due to changed circumstances.
Accordingly, we find the trial court does have authority in this case to approve of a cessation of payments after marriage and to hold that no further support payments for the daughter accrued under the agreement and decree after marriage of the minor daughter.
In Perkins v. Westcoat, 3 Colo.App. 338, 33 P. 139, the court held that upon the marriage of the minor daughter the new husband was obligated to provide support and the parent was relieved of the obligation.
In the instant case the daughter married and went out of state to live with her husband. There was an offer of proof that the husband was in the service and was going overseas and the daughter would return and live with the mother. However, wherever the daughter lived, it would be the new husband's obligation to *803 support the daughter and not the father's obligation.
The majority rule, the better rule and the rule which we elect to follow, is that the marriage of the minor daughter in the instant case terminated the parental duty and had a direct effect upon the provisions of the decree. No enforceable rights to support payments could thereafter accrue to defendant. Crook v. Crook, 80 Ariz. 275, 296 P.2d 951.
Finally, we turn to the issue of attorney fees. The allowance of attorney fees and suit money is within the sound discretion of the trial court and unless that discretion has been abused the allowance made or denied will not be disturbed. Stovall v. Crosby, Colo., 464 P.2d 868. The record does not support the charge that the trial court abused its discretion in refusing to make an allowance to defendant for her attorney fees.
Judgment affirmed.
DUFFORD and PIERCE, JJ., concur.

ON PETITION FOR REHEARING
COYTE, Judge.
Plaintiff in error argues that the decision ignores the case of Irwin v. Irwin, 150 Colo. 261, 372 P.2d 440, which held that an agreement for support of the children could not be abrogated by the court, but that the court would continue to have jurisdiction over the necessary maintenance of the children. That case is not in point with the situation herein presented. In Irwin, supra, the agreement was entered into by the parties affecting a property settlement agreement between themselves. The agreement dealt with all matters that had been resolved by the trial court. The stipulation and property settlement were approved by the court but the terms thereof were not set forth in the decree of divorce and the rights of the parties rested upon the contract and not upon the decree and were contractual and not decreed rights and obligations. In Irwin, supra, the decree was entered prior to changes made in the 1958 statutory law applicable to divorce actions. Under the new statute, a reference to a separation agreement and an approval thereof by the court is sufficient to make it a part of the decree. C.R.S.1963, 46-1-5(6); Grossman v. Grossman, 159 Colo. 184, 411 P.2d 237. Accordingly, Irwin is no authority for the proposition argued by plaintiff in error. Petition for rehearing is denied.
DUFFORD and PIERCE, JJ., concur.