526 P.2d 1348 (1974)
Eva BEEBE, Plaintiff-Appellee,
v.
Jack BEEBE, Defendant-Appellant.
No. 74-031.
Colorado Court of Appeals, Div. II.
September 17, 1974.
*1349 Butler, Lepore, Landrum & Pierce, P. C., L. F. Butler, Lakewood, for plaintiff-appellee.
Casey, Klene, Horan & Wegs, R. Paul Horan, Denver, for defendant-appellant.
Not Selected for Official Publication.
ENOCH, Judge.
Jack Beebe, defendant, appeals from a judgment denying his motion to terminate his obligation for alimony payments to his former wife, plaintiff Eva Beebe.
A decree of divorce was entered in June 1971. Prior to the entry of that decree, defendant and plaintiff had executed an agreement dated February 25, 1971, settling all matters between them, including property division, alimony, child custody, support and maintenance. This agreement, which was approved by the court and made a part of the final decree, provided in respect to alimony that defendant should pay plaintiff $200 a month "until said plaintiff re-marries or dies, which ever event occurs first."
Defendant made the alimony payments until November of 1971. He then stopped payments on the basis of information received that plaintiff had moved in with another man and remarried. At the hearing there was evidence that plaintiff had represented to neighbors and other acquaintances that she had remarried. It was undisputed that plaintiff was living in a house with another man, but it was also undisputed that this man was already married.
Defendant asserts that the court has authority to review and modify the permanent order respecting alimony merely because he was not represented by counsel during the divorce proceedings, nor at the time the agreement was entered into. We find no merit in this contention. Under the facts of this case, there being no evidence of fraud or overreaching, the court had no authority to modify the stipulation and agreement entered into by the parties after it was approved by the court and made a part of the final decree. Lay v. Lay, 162 Colo. 43, 425 P.2d 704; Newey v. Newey, 161 Colo. 395, 422 P.2d 641; Irwin v. Irwin, 150 Colo. 261, 372 P.2d 440. The fact that defendant was not represented by counsel is not, in and of itself, grounds to modify an agreement between the parties.
Defendant also urges that notwithstanding the provision of the order stating that payments are to be made until plaintiff's remarriage or death, the court should terminate his responsibility under this provision because plaintiff was living with and holding herself out as married to another man. Though defendant concedes there could be no common law marriage between plaintiff and the other man because of the legal impediment, defendant argues that plaintiff had the intent to be married and that, but for the legal impediment, there would have been a common law marriage. This, defendant contends, is sufficient to relieve him of his obligation to pay alimony. Defendant also contends that even though there was no fraud involved at the inception of the agreement, the alleged immorality of plaintiff subsequent to the settlement agreement constitutes fraud which justified a modification of the alimony provision. We do not agree.
Under the clear terms of the agreement, defendant's obligation continues until plaintiff's death or remarriage. The alleged conduct of the plaintiff or her intent or desire to be remarried has no legal effect on defendant's obligation under the agreement.
Judgment affirmed.
RULAND and KELLY, JJ., concur.