536 P.2d 1172 (1975)
In re the MARRIAGE OF Philip E. SEYMOUR, Petitioner-Appellant, and
Bernice L. Seymour, Respondent-Appellee.
No. 74-294.
Colorado Court of Appeals, Div. I.
May 6, 1975.
Rehearing Denied May 28, 1975.
Certiorari Denied July 14, 1975.
Ronald A. White, Aurora, for petitioner-appellant.
Thomas R. Cross, Colorado Springs, for respondent-appellee.
Selected for Official Publication.
*1173 VAN CISE, Judge.
Petitioner Philip E. Seymour (Philip) appeals from denial of his motion to vacate a contempt citation for arrearages in payment of medical expenses, child support and maintenance to his former wife, respondent Bernice L. Seymour (Bernice), and from the judgment for those arrearages. We affirm.
After a 21 year marriage, the parties separated. On August 25, 1971, at the time of the commencement of a separate maintenance action, they signed a "Stipulation" which provided for child custody in Bernice, the amount of child support and alimony to be paid by Philip, and the division of the property. It further provided that if a divorce decree were subsequently obtained, the Stipulation would be "incorporated" into that decree, and that, in such event, Philip would be responsible for all medical expenses incurred by his wife.
On January 26, 1972, a separate maintenance decree was granted to Bernice. At the hearing for that decree, the court found that the Stipulation "equitably" provided for maintenance and child support and "equitably" divided the property of the parties. It incorporated the Stipulation in the decree by reference.
Seventy days later, Philip filed in the same court for dissolution of marriage under the Uniform Dissolution of Marriage Act, § 14-10-101 et seq., C.R.S.1973 (1971 Perm.Supp., C.R.S.1963, 46-1-1 et seq.) (the Uniform Act). In his petition, he attached a copy of the Stipulation, and stated that the court had approved it in the earlier separate maintenance decree. He asked that the court award child support and maintenance to the wife and determine the property rights in accordance with the provisions of the Stipulation, and then requested that the provision relative to his payment of "all medical expenses" incurred by his wife be amended to insert the word "reasonable" after the word "all."
Bernice, in her answer, joined in all of his requests except that she insisted that the medical expense provisions be incorporated as written. She asked further that the Stipulation, as incorporated in the separate maintenance decree, be incorporated into the decree of dissolution.
Philip's testimony at the dissolution hearing on September 15, 1972, showed that he was aware that the Stipulation would still be binding on him and that he understood the amount of his commitment for alimony, support and attorney fees, and his agreement to pay his wife's medical expenses. Further, he acknowledged that the agreement was fair and reasonable and that he was financially able to meet its terms.
At the conclusion of the hearing, the court found "that a former action involved a stipulation and agreement which is incorporated in the dissolution of marriage by reference; the decree is in proper form and will enter." Included in the decree were the following provisions:
"The separation agreement between the parties, (a copy of which is attached hereto as Exhibit A and incorporated herein as if set forth verbatim) has been considered by the Court and is not unconscionable as to support, maintenance and property.
. . . . . .
"It is further ordered that the parties shall perform the respective provisions of the separation agreement, attached hereto as Exhibit A and incorporated as if set forth verbatim, as apply to each of them."
In January of 1974, Philip moved to "modify the orders entered in this matter on September 15, 1972, as said orders pertain to [his] obligation to pay [Bernice's] medical expenses." He also stated that "the parties herein entered into a Separation Agreement approved by and made an Order of this Court."
At the hearing on the motion in March, the court on its own noted that there was no copy of the Stipulation attached to the dissolution decree, and questioned its jurisdiction *1174 to enforce the agreement or to change it. It did not then recall the previous separate maintenance decree under a different court file number. After discussion, the court and both counsel stipulated that "it was the intent of the parties to have a copy of the stipulation and agreement that was under date of 25 August 1971 a part and portion of the decree of dissolution of marriage." The matter then proceeded on the merits. The court held there was no showing of circumstances justifying modification, and ordered Philip to pay all medical expenses.
In May 1974, on Bernice's verified motion, the contempt citation that is the subject of this appeal issued to Philip for his alleged failure to comply with various payment provisions of the decree. Philip moved to vacate the citation for lack of subject matter jurisdiction. At the hearing on this motion, his attorney argued, as he does on appeal, that the requirements of the Uniform Act to make a separation agreement enforceable as a part of the dissolution decree had not been complied with. Finding that the parties intended to incorporate the Stipulation, which had already been approved by the court in January, and that it was not necessary for the court to have made a new finding that the agreement was not unconscionable in September 1972 in view of its earlier finding on that issue, the court denied Philip's motion.[1] At the subsequent hearing on the contempt citation, the court determined that Philip was in contempt for not complying with the order, but, under the circumstances, it entered only a money judgment for the amount of the arrearages plus $150 for Bernice's attorney fee.
The 1958 divorce act, C.R.S.1963, 46-1-5(6), provided that:
"Any written agreement or stipulation by the parties . . ., when incorporated in an order or decree or when filed in the action and referred to and approved and adopted in any order or decree, shall become a part of such order or decree."
By this statute, the legislature reversed the earlier judge-made rule that, to be a part of the decree, the terms of the agreement sought to be enforced by the contempt power had to have been included in haec verba in the body of the decree. See Grossman v. Grossman, 159 Colo. 184, 411 P.2d 237.
Philip contends that the Uniform Act returns the law to what it was before the 1958 act. He cites § 14-10-112, C.R.S.1973 (1971 Perm.Supp., C.R.S.1963, 46-1-12) concerning separation agreements, pertinent portions of which are:
"(2) [T]he terms of the separation agreement . . . are binding upon the court unless it finds, after considering the economic circumstances of the parties, . . . that the separation agreement is unconscionable.
. . . . . .
"(4) If the court finds that the separation agreement is not unconscionable. . ..
(a) . . . its terms shall be set forth in the decree of dissolution. . . and the parties shall be ordered to perform them . . ..
. . . . . .
"(5) Terms of the agreement set forth in the decree can be enforced by all remedies available for the enforcement of a judgment, including contempt but are no longer enforceable as contract terms."
In interpreting the current statute, we do not consider that the decisions on this issue in actions arising under the 1917 Act (C. R.S.1953, 46-1-5) have any precedential value. The wording in the Uniform Act that "its terms shall be set forth in the decree" does not prohibit incorporation by reference. So long as it is clear what document is being referred to and that the parties intended for it to be a part of the decree, such incorporation is within the underlying *1175 purposes of the Act and there is no apparent reason for requiring the recopying of the words into the court order. When an agreement has been incorporated by reference into the decree, it is as effectively a part thereof as if recited therein in haec verba. Foust v. Foust, 47 Cal.2d 121, 302 P.2d 11.
In the instant case, to and including the March 1974 hearing, both parties clearly intended to have a copy of the Stipulation "a part and portion of the decree of dissolution." The absence of any question as to what document is being alluded to, and the agreement by Philip's lawyer, at the hearing for the decree, to the adoption by reference of the Stipulation in the earlier separate maintenance case, make the failure to have a copy identified as an exhibit and attached to the decree of no consequence.
Judgment affirmed.
COYTE and STERNBERG, JJ., concur.
NOTES
[1] Necessary or not, the court did make a finding in the September 1972 decree that the agreement is not unconscionable.