No. 13,514.

DUVALL *v.* DUVALL.
(32 P. [2d] 842)

Decided May 7, 1934.

Messrs. MOFFETT & HITCHCOCK, for plaintiff in error.

Mr. CLARENCE L. BARTHOLIC, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

ON petition, properly supported, defendant was cited to show cause why he should not be adjudged in contempt for failure to comply with orders of court to pay toward the support of his minor child. The court absolved him from contempt, computed the sum of defaulted payments, $417, entered judgment therefor, reduced monthly payments from $25, as previously decreed, to $10, to be credited, when paid, on back judgments (it appears there was a previous judgment entry of $400 covering earlier defaults).

We group plaintiff's assignments under two headings: (1) That the court erred in relieving defendant from the charge of contempt; (2) that since neither party sought modification, and no change in the circumstances of the parties was claimed or made to appear, the court's power to that end had not been invoked, hence should not have been exercised.

It appears that December 7, 1931, on trial for divorce, findings favorable to plaintiff were entered, in which the court approved a written agreement between the parties, dated February 11, 1931, providing, among other things, that plaintiff should have the custody of their minor child, Gladys Nadine, and toward the support of the child defendant would pay $25 per month, payment to be made on the 20th of each month, commencing March, 1931; that March 2, 1932, on hearing, although he had not paid as he agreed and was ordered, defendant was purged of contempt, the reasons not appearing; that June 23, 1932, the court denied plaintiff's motion to withhold final decree until defendant had given surety for support of the child as agreed and ordered, and at the same time the court awarded judgment in favor of plaintiff in the sum of defendant's arrearages, $400, and continued the order of $25 per month for the support of

the child, to commence July 20, 1932; that August 26, 1932, final decree of divorce was entered, in which the agreement and order for payment of $25 per month was made part; that January 10, 1934, when defendant had defaulted in the further aggregate sum of over $400, plaintiff caused him to be cited as in contempt, and January 30, 1934, on hearing, the court made orders as recited at the opening of this opinion. It further appears that commencing June, 1932, and ending March, 1933, at various dates, defendant made eight $5 payments and two $4 payments, or $48 toward his agreed and decreed obligation; that otherwise he is wholly in default; that the parties have contracted other marriages, and the custody, control and care of the child continues to rest with plaintiff.

We think this young man should have done more toward discharge of his agreement and court orders than the record shows to be the fact. He owns a car, recently acquired, and his answers relative to employment do not satisfy us that he has been assiduous in seeking work. With his second wife, as he testified, he is living "with our folks, her folks and my folks contribute to our support." He is comfortable, far too much so, we opine, and a bit of firmness on the part of the court would have tended to arouse him from lethargy. His parents seem willing to care for him, and to buy him a car, placing it in his name. In short, he is able to secure, and accepts, from his parents, support for his adult needs, but he does almost nothing for the support of his own helpless infant. The answer is not to be found in the court's observation that "it legally belongs to both of them to take care of the minor child." The mother has the immediate custody of the child, awarded by court order, in a cause where his cruelty was established, and of necessity must see that its wants are met; while the father lives apart from the burden, apparently unmindful that, day by day, this little one must be fed and clothed and tender-

ly loved and cared for. The court's order of discharge was calculated to encourage his seeming indifference.

Defendant's resourcefulness in securing an automobile, for need of which he makes no showing, ought to manifest itself along lines calculated to enable him measurably to keep his compact and observe court orders. We are not less mindful of economic conditions than the trial court, nor less given to merciful promptings, but we think defendant's complacence is not justified. On the merits generally we are disposed to think that temperate summary orders, not absolution, should have followed the hearing. We, refrain from ordering reversal on this point, however, because of another consideration: It appears there have been conversations looking to the adoption of the infant by plaintiff and her present husband, defendant to consent thereto, and by payment of certain defaulted sums to stand relieved of his contract of February 11, 1931, and court orders entered pursuant thereto. The record indicates that the parties are still considering that as a method of solution, and we are not disposed to discourage their negotiations. In the event the proposed composition does not materialize within reasonable time, the court should reentertain contempt proceedings and endeavor to stimulate the interest of its father in the welfare of the infant.

The court was without authority, the record considered, to modify previous orders relative to the sum, the form of judgment, the time of payment, or the manner of credit of money to be paid by defendant. Cases cited in support of the court's order in the particulars mentioned, from *Stevens v. Stevens,* 31 Colo. 188, 72 Pac. 1060, to *Canary v. Canary,* 89 Colo. 483, 3 P. (2d) 802, where modification was ordered, all proceeded on formal applications to that end. The sole issue here was of defendant's alleged contempt. Besides, on authority of the same cases, modification in any event must rest

on changed circumstances of the parties, neither claimed nor testified to here.

For orders in conformity with this opinion, let the judgment be reversed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE CAMPBELL and MR. JUSTICE BURKE concur.