Clara K. SHOTWELL, Appellant,

(Plaintiff below),

v.

Earl C. SHOTWELL, Appellee,

(Defendant below).

No. 2870.

Supreme Court of Wyoming.

May 19, 1959.

339 Pac.2d. 410

Brooke Wunnicke, Cheyenne, for appellant.

James A. Greenwood, Cheyenne, for appellee.

Before BLUME, C. J., and PARKER and HARNS-BERGER, JJ.

192

## OPINION.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Appellant seeks reversal of an order of the district court refusing to modify the provision for support and

maintenance of a minor child which was made in a decree divorcing the parties to this proceeding.

No transcript of the evidence appears in the record and the appeal is submitted upon an agreed statement consisting of a statement of the case, statement of points on appeal and copies of pleadings. A summary of the situation thus presented discloses that on May 9, 1955, plaintiff sought modification of that portion of the decree which related to support of the minor in order to require defendant to make monthly cash payments in such amount as the court should deem fair and reasonable. The detail of defendant's answer, which resisted the petition for modification, need not be recounted here as the parties agree the sole question to be decided on this appeal is whether under the divorce decree requiring the father to convey to the child an undivided one-half interest in the home relieved the father from further contribution for the support of the child so long as the child retains the one-half interest in the real estate conveyed to it in fulfillment of the decree.

In submitting the appeal to this court, appellant's counsel has filed an exhaustive brief dealing with the appealability of the order denying the petition for modification; the jurisdiction of the district court to modify; the equitable jurisdiction of the district court to deal with matters relating to support of a minor; the construction of a decree to uphold the court's intention; the chargeability of the minor's support expenses against the minor's estate, coupled with the contention that such estate has now been consumed, thus leaving defendant now liable for the minor's further support; and that Wyoming law is agreeable to modification of the decree in the manner sought.

Without resort to authority, we may say there is no doubt but that the order denying modification is an appealable order; that the district court did have jurisdiction to modify the initial support decree; that it was within the equitable jurisdiction of the court to deal with matters relating to the support of the minor and that such a construction of the court's decree should be given as will uphold its intention. These matters are almost if not altogether elementary. We may also agree that under some circumstances the expenses incurred in supporting a minor may be chargeable against the minor's estate in a proper proceeding to accomplish that purpose, but that question is not before us nor may we now pass upon appellant's claim that the estate of the minor has been consumed. In the first place, there is no transcript of the evidence concerning that matter and, in any event, it is a matter between the person claiming the charge and the minor.

As indicated above, the real question we are called upon to decide under the agreed statement is: Did the court err in interpreting the divorce decree which required defendant to convey unto the minor an undivided one-half interest in the home property "in lieu of support and until the further order of this court" to mean that such one-half interest of the minor in that real estate should be used for the minor's support before additional cash payments were to be required of the defendant?

The evidence produced to the trial court not being before us, we are unable to consider any factual matter that may have affected the trial court's decision. The issue here, therefore, resolves itself to be whether as a matter of law the one-half interest in the real es-

state presently owned by the minor is to be exhausted before the court should require the defendant to make further monetary provision for the child's support.

The authorities offered by appellant to the effect that a minor's estate should not be used to provide for the child's support during minority, when either of the parents is able to provide for that support, are of no value to us when the sole estate in question was created for the express purpose of providing that support. Neither is it necessary to decide whether the child is entitled to first look to the male parent before calling upon the mother for support, and we have already indicated that the one-half interest of the child is still intact, notwithstanding appellant suggests it has been consumed.

We feel the intendment of the initial decree for child support is plain and free from doubt. When the decree was made, it was the right, privilege and duty of the court to make such provision for the custody, care, maintenance and support of the minor as seemed to be in the child's best interest. Rather than requiring the father to pay a lump sum which may have been unavailing, due to the financial condition of defendant at that time, or make periodic future payments, the decision ensured to the child physical property which was within the power of the court to immediately command. We are entitled to assume that to the court in its wisdom this was the best provision that could be made rather than to have the child's support depend upon the uncertainty that lay in the father's future ability to provide. If the court had so decided and the father then had the present ability to pay, the decision might have required the father to pay a lump sum. In such a case there would be no reason to require further support until that sum was exhausted. We see no defeat-

ing difference between having a lump sum intact at this time to provide for the minor's support and having intact at this time an interest in property that may be liquidated to provide that support. Until that which the decree provided for support is expended, there is no need to call upon the father for further support.

While appellant's counsel tells us of the basis of an asserted claim by plaintiff against the property of the minor, that is a matter not within the record any more than matters which defendant's pleading mentions which might well be valid offsets against plaintiff's claims, such as the use, occupancy and enjoyment of the premises by the plaintiff and her new husband, or the question of whether the divorce decree necessarily absolved the plaintiff of all obligation to assist in the support of the child even though the court required a certain contribution from the father.

The same counsel also informs us, outside the record, that the minor, now some seventeen years of age, is an inmate of the Wyoming State Training School, owing to certain deficiencies. While this fact may not be taken into account in deciding the law of the case, it serves to emphasize that at present, and perhaps in the future, the provision for the welfare, health, education, comfort and happiness of the minor will be assumed by the State, with its right to such reimbursement as is provided by law. At present there is no reason to believe that the property set over to the child for its support will not be sufficient and under proper proceedings it may be applied to that purpose, either from its renting income or its sale as may become necessary.

The order of the district court denying plaintiff's pe-

tition for modification of the original provision for the support of the minor child of the parties must be affirmed.

Affirmed.