No. 19,568.

Esther Engleman *v*. Edward Engleman.
(358 P. [2d] 864)

Decided January 23, 1961.

Mr. Edward A. Jersin, for plaintiff in error.

No appearance for defendant in error.

300

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

On March 28, 1955, the plaintiff in error, plaintiff in the trial court, was granted an interlocutory decree in divorce from the defendant in error, defendant in the trial court. The decree provided, inter alia, that the two minor children should be placed in the custody of the plaintiff and that "until the further order of the court the defendant [shall] pay into the registry of this court the sum of $100 per month, in semi-monthly payments, for the support and maintenance of plaintiff and the minor children * * *." On September 29, 1955, the interlocutory decree became final continuing until further order of court the same terms and conditions as to custody, alimony and support as were contained in the interlocutory decree.

On December 10, 1959, the plaintiff filed a motion for the issuance of a contempt citation and as grounds therefore alleged that the defendant from and after April 1958 had made monthly payments of only $50 and was accordingly in arrears in the amount of $1000 (20 months at the rate of $50 per month) and further that none of the payments had ever been made into the registry of the court. The contempt citation issued and the defendant was ordered to show cause why he should not be punished for contempt. Before the hearing on this citation, defendant filed a motion to reduce the support order, whereupon the plaintiff filed a motion to *increase* the support order.

On March 8, 1960, hearing was held on the contempt citation and the two motions seeking a change in the support order. The only witnesses examined were the plaintiff and the defendant. From the record it is learned that the defendant apparently paid $100 per month from March 1955 until April 1958, at which time as the result

of unilateral action on his part and without the benefit of court approval or order, he reduced his monthly payment to $50 per month. The reason given for his doing so was that at that time one of the two children married and he felt such fact should immediately be reflected in the amount of his support order. From the record it is ascertained that all such payments were made directly to the plaintiff and not into the registry of the court, the court being bypassed by both litigants. At the conclusion of the hearing the trial judge dismissed the contempt citation, reduced the support order to $65 per month and cancelled the undisputed arrearage of $1000. Thereafter the plaintiff's motion for a new trial was timely filed, fully argued but denied in its entirety and the plaintiff is here by writ of error.

The plaintiff now contends that the judgment was erroneous in all respects but primarily stresses that the trial court had absolutely no authority to cancel the arrearage. She also contends that the trial court erred in dismissing the contempt citation and in reducing the support order, and seeks reversal of the entire judgment.

▉ Adjudging one to be in contempt or conversely absolving one so charged, is uniformly held to be a matter within the sound discretion of the trial court and will not be disturbed on review unless there be abuse of such discretion. In *Conway v. Conway,* 134 Colo. 79, 299 P. (2d) 509, the trial court dismissed a contempt citation issued because of an arrearage under a support order. In affirming the action of dismissal this court said:

"The power to punish for contempt should be used with caution after due deliberation, and only when necessary to prevent actual, direct obstruction of, or interference with, the administration of justice. The matter of dealing with contempt is within the sound discretion of the trial court and its determination is final unless an abuse of such discretion is clearly shown. The citation pursuant to which the plaintiff appeared

in court recited it was issued 'to vindicate the dignity of the court.' The trial judge is always charged with the duty of protecting the dignity of the court and to enforce its valid orders. In the instant case the trial court in the exercise of its discretion, discharged the citation."

In the instant case a careful examination of the record does not indicate an abuse of discretion on the part of the trial court in dismissing the contempt citation. The record discloses that the defendant actually paid $100 per month for three years and thereafter paid $50 per month for a period of some twenty months. True all of these payments were made directly to the plaintiff herself, and not into the registry of the court. But the plaintiff herself acquiesced in this practice and made no complaint for almost five years. Under all of the facts and circumstances shown we hold that the trial court did not abuse its discretion dismissing the contempt citation.

■ Similarly, orders of a trial court which pertain to custody, alimony and support are also matters which lie within the sound discretion of that court, and will not be disturbed on review unless an abuse of discretion is shown. The original support order provided that the defendant pay $100 per month for the support of plaintiff and the two minor children. From the record it appears that the plaintiff has since remarried, though now separated from her second husband, and that one of the two children is now married. Such facts would seem to justify a reduction in the support order. The record is silent as to the exact present income of the defendant, the question having not been asked. The defendant testified that his income was "down" from what it had been in 1955. He is a trash hauler and presumably of modest means. Plaintiff testified as to the expenses necessary to rear the one remaining child, and as is frequently the case, her desires exceeded the defendant's apparent means. The record considered we hold that the

trial court did not abuse its discretion in reducing the monthly support order from $100 to $65.

■■ However, that part of the judgment cancelling the undisputed arrearage in the amount of $1,000 is clearly erroneous, and must be reversed. Counsel for the defendant did not request this cancellation, the court doing so on its own motion. On repeated occasions this court has held that a trial court has no power or authority to cancel past due payments under a valid support order and has affirmatively declared that past due installments under a valid support order constitute a debt and are in and of themselves judgments. See *Garvin v. Garvin,* 108 Colo. 415, 118 P. (2d) 768; *Weston v. Weston,* 80 Colo. 323, 251 Pac. 534; *Ferkovich v. Ferkovich,* 130 Colo. 228, 274 P. (2d) 602; *Burke v. Burke,* 127 Colo. 257, 255 P. (2d) 740; *Beardshear v. Beardshear,* 143 Colo. 293, 352 P. (2d) 969; *Hauck v. Schuck,* 143 Colo. 324, 353 P. (2d) 79, and *Duvall v. Duvall,* 95 Colo. 95, 32 P. (2d) 842. If changed conditions suggest a modification of the support order the remedy is to bring the matter to the attention of the trial court by filing an appropriate motion. However, any order reducing the amount of support money operates only in future. Hence, the trial court in the instant case had no authority to cancel the undisputed arrearage in the amount of $1,000 and in so doing committed error.

The judgment is affirmed in part and reversed in part and remanded with directions to vacate the judgment so far as it purports to cancel the arrearage of $1,000. In all others respects the judgment is affirmed.