Peggy Ann CHORNEY, Appellant
(Defendant below),

v.

Raymond CHORNEY, Appellee
(Plaintiff below).

No. 3153.

Supreme Court of Wyoming.

July 17, 1963.

Ernest Wilkerson, Casper, for appellant.

Brown, Healy, Drew, Apostolos & Barton and William H. Brown, Casper, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice GRAY delivered the opinion of the court.

Claiming that plaintiff, under the provisions of an agreement between the parties and a divorce decree, was in default of payment for support of a minor child, defendant commenced this contempt proceeding. At the hearing on the show cause order no testimony was proffered and the matter appears to have been submitted on affidavits, the answer of plaintiff, and cer-

tain exhibits attached thereto. From an adverse judgment defendant appeals.

From the record it appears that under date of August 27, 1959, the parties entered into an agreement to settle and compromise their respective claims each against the other, including provisions for custody and support of minor children. We are concerned here only with the matter of support payments for Frances and Judith, daughters of defendant and adopted by plaintiff, and who were at the time of the divorce approximately 20 years and 18 years of age respectively. Among other things, the agreement provided for payment of the sum of $125 per month by plaintiff to defendant for support of each of said children, said payments to terminate as to either when she reached majority, married, or became self-supporting. Defendant agreed to supervise expenditure of the support money and further agreed to indemnify plaintiff against the imposition of any additional payment for support, maintenance, and education of the daughters.

The said agreement was found to be reasonable and just in all respects by the trial court, and by reference was made a part of the decree.

The dispute here was prompted by the secret marriage of Frances on October 10, 1959, some forty-four days after the decree. It appears that neither plaintiff nor defendant obtained knowledge of the marriage until June 1960 and during that period plaintiff paid to defendant each month the sum of $250 for support of said children. However, following the month of June 1960, plaintiff reduced the support payment to $125 per month and continued to pay said amount to defendant up to and including the month of September 1961, and thereupon ceased to make further payment. Plaintiff claimed that the cessation was justified for the reason that Judith would reach majority within eight months and his support obligation for that period under the agreement and the decree had already been satisfied by payment to defendant of the sum of $1,000 which he was not obligated to pay.

Defendant takes the position that under the decree plaintiff was obligated to pay to each of the daughters the sum of $125 per month during eligibility and therefore plaintiff was duty-bound to pay to Judith the sum of $1,000 notwithstanding the overpayment of such amount to defendant on behalf of Frances or that, in any event, and regardless of the decree, such sum was due from plaintiff as a common-law obligation to support Judith.

The trial court, after reminding that the action was not one by Judith to enforce payment, rejected defendant's contentions and concluded that plaintiff's obligation was to pay defendant, not the children, the amounts specified; and having done so, plaintiff had complied fully with the agreement and the decree. Further, that it was defendant's sole responsibility properly to disburse the funds. We agree and there is no merit in this appeal.

It has long been the rule here that determination of the matter of custody and support of minor children involved in a divorce proceeding between the parents rests largely in the discretion of the trial court and its decision in this regard will not be disturbed except for grave abuse or the violation of some legal principle. Gill v. Gill, Wyo., 363 P.2d 86, 89; Baus v. Baus, 60 Wyo. 44, 145 P.2d 241, 242; and Stirrett v. Stirrett, 35 Wyo. 206, 248 P. 1, 4. The same rule is applicable to a contempt proceeding. Engleman v. Engleman, 145 Colo. 299, 358 P.2d 864, 865; Martin v. Martin, 209 Ga. 850, 76 S.E.2d 390, 392; and Haynes v. Haynes, 168 Kan. 219, 212 P.2d 312, 318.

Of importance also is the rule that the divorce decree involved is to be given such construction as will uphold its intention. Shotwell v. Shotwell, 80 Wyo. 190, 339 P.2d 410, 411. This for the reason that, in final analysis, disposition of the instant case is largely dependent upon the meaning to be given to the terms of the decree. In this we are indeed aided by the trial court. It so happens that the judge

rendering the decision here is the same judge who presided at the trial of the divorce case, approved the agreement providing support for the minor daughters, and entered the divorce decree. Under such circumstances his conclusions in the matter are quite persuasive.

In any event, we cannot say the trial court erred as a matter of law. The decree specifically provided that the support payments were to be paid by plaintiff to defendant and defendant was directed to fulfill her obligation under the agreement "to supervise the expenditure of such funds by or on behalf of said girls" to the end that such payments would suffice to meet their needs, and failing in this that defendant would "indemnify" plaintiff against any further or additional cost for this purpose. There is no suggestion here that such provision was unfair or unjust. We know of no rule, and we are cited to none, holding that the defendant could not bind herself to assume some responsibility in the care and support of her own daughters. As we view it, the authorities cited by defendant concerning plaintiff's alleged common-law obligation for support of Judith have no application under the circumstances of this case.

■ Wholly aside from the matter of indemnity, there is a further rule that sustains the results reached by the trial court. Counsel for defendant suggests that, in effect, defendant was a trustee of the support payments made by plaintiff, and there is authority to sustain that view. Ditmar v. Ditmar, 48 Wash.2d 373, 293 P.2d 759, 760; and Wheeler v. Wheeler, 37 Wash.2d 159, 222 P.2d 400. If that premise is sound, then the provisions of § 4-3, W.S.1957, would also serve to exonerate plaintiff. That section provides in part:

"A person who in good faith pays or transfers to a fiduciary any money or other property which the fiduciary as such is authorized to receive, is not responsible for the proper application thereof by the fiduciary; * * *."

Finding no abuse of discretion on the part of the trial court in exonerating plaintiff from claimed contempt of its decree, we have no alternative but to affirm the judgment.

Affirmed.