No. 22243.

GEORGE W. BROOME *v*. RACHAEL A. BROOME.

(450 P.2d 642)

Decided February 24, 1969.

Adams & Abbot, Harper L. Abbot, for plaintiff in error.

Douglas G. McKinnon, for defendant in error.

*In Department.*

Opinion by Mr. Justice Groves.

This matter involves supplementary proceedings in a divorce case. The parties will be referred to as father and mother. Prior to entry of the divorce decree the parties entered into a stipulation which provided that the mother should have the custody of their four children and that the father should pay the sum of $150 per month per child for child support. The stipulation, which was approved by their respective attorneys, further provided as follows:

"It is understood between the parties that the father shall have the right to have the children visit him during vacation months, such time to be agreed upon between the parties. It is further agreed that during the time the father shall have the custody, care and control of the children, that the support money paid to the mother for their support shall cease during such periods as the father shall have the actual care and custody of the children."

The decree of divorce entered on March 28, 1961 approved the stipulation and incorporated it in the decree by reference.

In September 1964 the oldest child of the parties, Richard, was about 18 years of age. He desired to live with his father in Pueblo rather than continue to reside with his mother near Littleton. While this at first apparently troubled the mother, not long after Richard's request she consented that he might go live with his father, and he did so. The father then reduced the child support payments made to the mother from $600 to $450 per month.

On March 2, 1965 the father petitioned the court for an order changing the custody of Richard and his brother George, then about 15 years of age, setting forth that he already had the custody of Richard. A hearing was held on the petition on April 19, 1965 and on April 28, 1965 the court awarded the father the custody of George, and ordered "that the care, custody and control of the minor child Richard Broome be awarded to the [father], the same having been agreed upon." This order also provided that the support money payments of $150 for each of these two sons be discontinued.

In October 1965 the mother moved for judgment in the amount of $1200, being $150 as support money for Richard during the period of September 1964 through April 1965, and asked for an increase in the child support payments for the two children whom she still retained. The court entered judgment for $1200 as prayed and ordered an increase in child support payments to $200 per month per child. The father has assigned error with respect to each of these matters. We have concluded to reverse as to the $1200 judgment and affirm as to the increase in child support payments.

I.

THE $1200 JUDGMENT

On January 5, 1966, in a hearing on the mother's

motion of October 1965, the father, on cross-examination, testified as follows:

"Q. Was it your understanding that you were to pay $150 per month per child?

A. Yes.

Q. Is that your understanding?

A. Except for what I mentioned, yes.

Q. That's what the Court ordered you to do, is that correct?

A. Yes, with that one exception.

Q. Now, the one exception you're talking about, Mr. Broome, is what?

A. The one exception which was read here a month ago ... during summer vacation — the children's summer vacations I could have care and custody during that period, and while they were in my care and custody the support money was to cease, because in effect I would be supporting them.

Q. That was your understanding of it, is that correct?

A. Yes, and I might add that I never did get them except one time.

Q. It was your understanding that during the summer vacation time while you had the children, you were not to pay support, is that correct?

A. Yes."

In support of the judgment the court made the following "Conclusions:"

"1. That defendant was relieved of supporting said minor child Richard Broome only during the summer months while exercising his rights of visitation. (Apparently defendant was fully cognizant of this fact since the files reflect that on July 1, 1962, he stated in a letter addressed to the Clerk of the District Court: '* * * * according to the terms of our divorce stipulation that I do not pay the usual support of $150.00 per month per child during the *summer months*.'

"2. That defendant could not relieve himself of the obligation to support said minor child by assuming his

custody in controvention of the divorce decree which remained in full force and effect as to Richard's custody and until April 28, 1965.

"3. That the order of April 28, 1965, had no retroactive effect on the support payments.

"4. That the written stipulation filed herein and referred to and approved by the Court in the divorce decree became a part of said decree and by virtue thereof all payments which matured thereunder became a judgment debt.

"5. That plaintiff is entitled to interest at the statutory rate."

■■ Counsel for the mother argued before the trial court and here that the intention of the stipulation and the decree was expressed by the father as being that child support payments were to cease only during the summer vacation months; and the trial court adopted this position. Counsel has urged upon us the well settled law in this state, as set forth in *Engleman v. Engleman,* 145 Colo. 299, 358 P.2d 864, that a trial court has no power or authority to cancel past due payments under a valid support order, and that past due installments under a valid support order constitute a debt and are in and of themselves judgments.

The father's counsel suggests that we should treat this matter as falling under the law of contracts rather than as coming under the law of judgments because as a practical matter the stipulation of the parties is involved. We cannot subscribe to this argument, and we therefore treat this matter as a judgment containing the same provisions as the stipulation.

■■ At the time the stipulation was made the parties had in mind that the mother would have the custody of the children and that the child support payments would not be made during the summer months when the father had their custody. However, we think the language of the stipulation which became a part of the decree is perfectly plain to the effect that when any one of the

children was with the father he would not have to pay support for that child during that period. We believe that the phrase "during such periods as the father shall have the actual care and custody of the children," does not mean solely periods after the court has changed the custodial arrangements, but rather includes those times at which a child is living with the father, particularly when this is with the mother's consent. The terms of the decree are not changed by the fact that the father later petitioned for an order discontinuing the payments for Richard. This was simply strategy on the part of the attorney as a safeguard in the event he was wrong in his position that support payments were not payable anyway.

This is not a case in which a payment became due and, therefore, our holding here is not in conflict with *Engleman v. Engleman, supra,* to which we adhere and of which we approve. Rather, this is a case in which, under the provisions of the decree, no payments became due nor were to become due for Richard from September 1964 through April 1965.

## II
## THE INCREASE IN CHILD SUPPORT PAYMENTS

With respect to the request for an increase in child support payments for the children remaining with the mother, the picture presented is a rather familiar one. The father has remarried, acquiring a wife who also has children. His expenses have increased materially and his indebtedness is substantial. The mother presented a situation of increased costs of living and a showing that her living expenses exceeded her income. The father has protested vigorously that she did not include moneys being paid to her by him as a part of the stipulated and decreed division of property between them, including interest thereon.

The order increasing the payments in the amount of $50 per month for each of the two children has evidence to support it, although there is evidence

to the contrary. The rule is so familiar and has been enunciated so many times by this court that further citation of authorities need not be given here, *viz.*: orders of trial courts changing the amount of child support will not be reversed on review unless it appears that there was an abuse of discretion. We may or may not have reacted as did the trial court, but we find no abuse of discretion.

The judgment is affirmed with respect to the increase in child support payments to be made by the father to the mother and is reversed with respect to the judgment for $1200 and interest thereon and remanded with instructions that that portion of the judgment be vacated.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE DAY and MR. JUSTICE LEE concur.