486 P.2d 451 (1971)
Paul J. DeMOTT, Plaintiff in Error,
v.
Lola Viola SMITH, Defendant in Error.
No. 71-131. (Supreme Court No. 24332.)
Colorado Court of Appeals, Div. I.
June 22, 1971.
*452 Samuel J. Eaton, Denver, for plaintiff in error.
Clarke W. Karr, Denver, Richard A. Anderson, Lakewood, for defendant in error.
Selected for Official Publication.
COYTE, Judge.
The case was transferred from the Supreme Court pursuant to statute.
The plaintiff in error, plaintiff below, sued the defendant for injuries received as result of an automobile accident in which a vehicle in which plaintiff was a passenger collided with a vehicle driven by the defendant. The defendant denied being negligent, and the issue was tried to a jury which returned a verdict in plaintiff's favor for $8,000. Defendant filed a motion for new trial, which was granted. Plaintiff elected to stand on the verdict.
Accordingly, the action was dismissed and plaintiff is now before us alleging error on the part of the trial court in granting the new trial.
The trial court in granting the new trial motion stated three reasons for doing so. First, it decided that reference to insurance coverage was improperly permitted on voir dire. Second, it decided the verdict *453 was excessive. And, third, it determined that defendant's counsel had not had sufficient time to prepare an adequate defense.
Plaintiff's argument on appeal contests the granting of the new trial, and also urges error on the part of the trial court in finding counsel for plaintiff in contempt of court. Defendant maintains the trial court was correct in granting the new trial motion and, additionally, asserts that the trial court erred in the giving of instructions and that this in itself was sufficient grounds for granting of the new trial.
Taking the plaintiff's assertions first, we agree that the trial court erred in granting the motion for new trial.
Prior to commencement of trial the attorneys appeared before the court and advised the court that defendant's insurance carrier was in receivership. Plaintiff's attorney advised that he wished to inquire as to the interest of prospective jurors in the company to which inquiries defendant's attorney objected. The court ruled that the insurance question would be proper but that defendant could inquire as to whether any prospective juror had a claim against the liquidator of the company, the Insurance Department of the State of Nebraska.
On voir dire the prospective jurors were asked by plaintiff's counsel if any of them had had any interest in, stock in, or policy with the United Benefit Fire Insurance Company of Nebraska, a company which had insured defendant at the time of the accident. The defendant inquired as to whether any prospective juror had a claim against the liquidator.
In Colorado the rule is that on voir dire counsel is permitted to inquire as to any interest the jurors might have in an insurance company covering the defendant, in order to discover if there exists any partiality among these potential jurors. Mayer v. Sampson, 157 Colo. 278, 402 P.2d 185. In the present case, the defendant admits to having had insurance coverage with United Benefit Fire Insurance Co. at the time of the accident, but claims that since the company was in receivership at the time of trial, the question of interest in the company was improperly asked. It is defendant's contention that because of insolvency of the insurance company, no possible financial interest remained. But this was not shown to be fact, merely argument by defendant's counsel. It is entirely possible that potential jurors might still have existing interest in the assets of the company, which were to be paid out by the receiver. Merely because the company went into receivership would not mean persons with an interest in the company would no longer have such an interest. It might be less in value, but not necessarily worthless as asserted by defendant's counsel.
Plaintiff was entitled to question prospective jurors concerning their possible interest in this insurance company. The trial court's reversal of its previous order at the end of trial was an abuse of its discretion, and no cause for granting a new trial.
Next we consider the court's statement that the verdict for $8,000 was excessive as a matter of law. The evidence as to damages was conflicting. There was definite evidence that $274 was incurred as a result of medical expenses. Plaintiff further testified that he lost $2,500 in wages. Combining these losses with the testimony concerning the possible permanent injury to plaintiff, as well as the pain and suffering involved, we are not prepared to say as a matter of law that the verdict was excessive. There was a dispute to be sure as to the exact amount of lost wages and disability suffered, but disputes of this nature are for the jury to resolve.
To grant a new trial because of excessive damages, the jury verdict must clearly be grossly excessive so as to indicate it was influenced by factors other than the presented evidence in arriving at its verdict. Moseley v. Lamirato, 149 Colo. 440, 370 P.2d 450. In the present case we find nothing set forth to indicate that such factors caused the jury to reach the figure of $8,000. In light of this fact, the evidence *454 viewed in plaintiff's favor is sufficient to support this award, and we find the trial court abused its discretion in granting a new trial for this reason.
The third and final reason given by the trial court in ordering a new trial was its determination that defendant's counsel did not have adequate time to prepare his defense. This particular point, however, was never raised by defendant's counsel, either prior to trial in the form of a motion for continuance, or after trial as a point of error in seeking a new trial. This silence on the part of the defendant's counsel indicates that as far as the defendant was concerned, there had been adequate and sufficient time to prepare a defense.
Although a trial court generally has great discretion in granting of motions for new trials, such orders are subject to reversal where it appears from the record that the trial court has merely substituted its opinion on disputed questions of fact for that of the jury. If the reasons for granting a new trial do not constitute legal grounds, or do not in fact exist, then the trial court's granting of the motion for new trial should be reversed. Mooney v. Carter, 114 Colo. 267, 160 P.2d 390.
Plaintiff's counsel also contends that the court erred in finding him in contempt. According to the record, this came about when counsel requested one of the court's employees to type an instruction. The judge upon discovering this found counsel to be in contempt for violating his express order against asking court personnel to perform such task. The judge then fined counsel fifty dollars, which fine was later suspended.
This power of the court comes from R.C.P. Colo. 107(b), which permits summary punishment of a contemner for acts committed in the court's presence. Findings of contempt rest within the sound discretion of the trial judge. Engleman v. Engleman, 145 Colo. 299, 358 P.2d 864. Although counsel asserts he meant no contempt by this act, but acted mistakenly, the trial judge does have the inherent power to prescribe rules for the functioning and administration of his court. Here he ordered counsel to refrain from asking court personnel to type this instruction, an order admittedly disobeyed. We conclude therefore that the trial judge acted within the scope of his authority in finding counsel in contempt, and did not abuse his discretion in making the findings, or in later suspending that fine. Engleman, supra.
Defendant claims that there were other valid reasons for the granting of the new trial. Therefore no error was actually committed, since a correct order, even if done for wrong reasons, should stand.
The first tendered instruction was to the effect that a person may assume that others will obey the law, and is therefore not negligent for failing to anticipate a breach of the law. Although this is an approved Colorado jury instruction, the footnote points out that its use is primarily for cases involving contributory negligence. Colorado Jury Instructions 11:8. The accident occurred when the defendant, who had stopped on a median strip of a 4-lane highway, attempted to drive back onto the highway. According to her testimony, the automobile in which the plaintiff was a guest changed lanes at this time without signaling and struck her vehicle. It is her assertion that if the driver had signaled as the law requires, the collision might have been averted.
However, this is not a case in which the driver's negligence or lack of it might be imputed to plaintiff. Whether or not the driver was contributorily negligent is of no consequence to the fact situation involved. The primary concern is whether or not the defendant was negligent in whole or in part. If so, then the plaintiff may recover against her regardless of the contributory negligence of the driver of the automobile in which he rode. Lee v. Missouri Pacific R.R., 152 Colo. 179, 381 P.2d 35.
Although this tendered instruction is a correct statement of a legal theory, it was proper for the court to refuse it as it was *455 not applicable to the facts of the case. Houser v. Eckhardt, 168 Colo. 226, 450 P. 2d 664.
Defendant's objection to instruction No. 11 is without merit.
Judgment reversed and the cause remanded with directions that the verdict be reinstated and that judgment be entered on the verdict.
ENOCH and DUFFORD, JJ., concur.