In re the **MARRIAGE of Christopher G. WALSH, Appellee,**

and

**Carol Jean Walsh, a/k/a Carol Jean Oberly, Appellant.**

No. 80CA0209.

Colorado Court of Appeals, Div. I.

July 17, 1980.

Darrow & Kolman, Nicholas E. Darrow, Delta, for appellee.

Dickie D. Lewis, Grand Junction, for appellant.

COYTE, Judge.

Wife appeals from a judgment abating accrued child support. We modify and, as modified, affirm.

The parties stipulated in their dissolution proceeding that husband would pay $150 per month child support. Husband became delinquent and was badly injured in a fire on October 25, 1979. On November 14, 1979, he filed a motion to abate child support payments. On January 3, 1980, at a hearing on the delinquencies and abatement, the parties stipulated as to the delinquencies and payment thereon. The court ordered that child support payments which had accrued since October 25, 1979, would be abated until husband was able to return to his employment.

Relying on *Engleman v. Engleman*, 145 Colo. 299, 358 P.2d 864 (1961), wife asserts that the court cannot abate child support payments which accrued prior to the date of the hearing on the abatement motion. We disagree.

Section 14–10–122(1), C.R.S.1973, states that a provision of a decree respecting support "may be modified only as to installments accruing subsequent to the motion for modification . . . ." Under this statute, the court may now modify support payments back to the date of the filing of the motion, rather than only from the date of the hearing on the motion as was the case under *Engleman, supra*, decided under the earlier statute.

Accordingly, the judgment of the trial court abating child support payments back to October 25, 1979, is modified to the extent that the abatement shall begin as of the date the husband filed his motion, November 14, 1979. Thus, child support is abated from November 14, 1979, until husband is able to return to work.

Husband's motion for damages and attorneys' fees is denied.

The judgment of the trial court, as modified, is affirmed.

VAN CISE and KIRSHBAUM, JJ., concur.