In re the MARRIAGE OF Paula G. KLEIN, Appellant,

and

Russell C. Klein, Appellee.

No. 82CA1142.

Colorado Court of Appeals, Division 1.

Oct. 13, 1983.

West & Weaver, P.C., John W. Weaver, Denver, for appellant.

Epstein, Epstein & Lozow, P.C., Peter L. Franklin, Frederick Epstein, Denver, for appellee.

METZGER, Judge.

Mother, Paula G. Klein, appeals from an order of the trial court directing father, Russell C. Klein, to pay $600 per month in child support for the parties' daughter, who was six years old at the time of the hearing. We reverse.

The parties' marriage was dissolved in May 1979. Pursuant to the provisions of the separation agreement, which was incorporated into the decree of dissolution, father paid to mother as spousal maintenance the sum of $2,200 per month from June 1979 through September 1981. Mother agreed to be solely liable for the support of the child during that period. The agreement further provided that, upon termination of spousal maintenance in September 1981, father would become liable for the support of the child, in an amount to be agreed upon by the parties or, if necessary,

to be determined by order of the court. When the parties were unable to agree on the amount of support to be paid by father, mother filed a motion to determine child support payments, seeking monthly payments of $1,400. After a hearing, the trial court ordered father to pay child support in the amount of $600 per month.

I.

██ Mother argues that the trial court abused its discretion in ordering father to pay $600 per month child support. We agree.

██ In determining child support, a court must consider the factors set forth in § 14–10–115, C.R.S.1973, which provides:

"[T]he court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:

a) The financial resources of the child;

b) The financial resources of the custodial parent;

c) The standard of living the child would have enjoyed had the marriage not been dissolved;

d) The physical and emotional condition of the child and his educational needs; and

e) The financial resources and needs of the noncustodial parent."

██ We recognize that the question of the amount of child support is one within the discretion of the trial court, not to be disturbed on appeal absent a clear abuse of discretion. *Rhoades v. Rhoades*, 188 Colo. 423, 535 P.2d 1122 (1975); *In re Marriage of Davis*, 35 Colo.App. 447, 534 P.2d 809 (1975). Nevertheless, in this case, we conclude that the trial court erred in ordering that father pay, pursuant to his stipulation, only $600 per month for the total support of the child. We reach this determination based upon the absence of specific findings concerning the great disparities in the financial resources and needs of the parties and the child at the

time of the hearing, as well as upon the absence of specific findings concerning the standard of living the child would have enjoyed had the marriage not been dissolved.

Father had a salary of $120,000 from his anesthesiology professional corporation, as well as extensive assets and investments. His investments acquired since the dissolution included a one-half interest in a condominium in Golden, a limited partnership interest in an office building, a portion of another building housing a day care center, three franchise interests in Sign Systems International, a limited partnership interest in an oil and gas venture titled Timberline International, an interest in a cable television company titled Atascocita, and an interest in Computerized Energy Management of New York. He had placed a total of $94,000 from his income into those investments in order to acquire them. Also, he and his present wife owned a home purchased for $105,000, with a $20,000 down payment. They owned a 1981 Volvo in which they had invested $10,000 and a 1973 Porsche, which they owned outright.

His professional corporation owned and maintained a 1973 Mercedes Benz automobile for his use, and also paid his health insurance premiums. His pension plan contained $40,000 and his profit sharing plan contained $35,000–$40,000.

He and his present wife had average monthly expenses of $6,376, including $750 per month for tax shelter investments separate from his other seven major investments acquired since the date of dissolution.

At the time of the child support hearing mother had not been able to acquire a full time job as a school teacher, notwithstanding her extensive efforts to do so. She sustained herself and daughter by sporadic employment as a part-time substitute teacher and as a part-time receptionist at a health club. She was compelled to borrow funds from her family to meet her minimum monthly obligations. She and the child were living in a home which was purchased jointly with her brother-in-law, using her share of the proceeds from the sale of the marital home for her one-half of the down payment. The evidence further showed that mother's average monthly expenses were $2,418 for herself and the child. Of this amount, $435 was attributable only to the child; the child's share of necessary general family expenses was approximately $765, for a total of approximately $1,200 in monthly expenses for the child only. Even with these expenditures, mother testified that the standard of living for herself and daughter was "way below" that enjoyed during the marriage.

The parties had enjoyed a very favorable standard of living during the latter years of the marriage. The family resided in a 5,500 sq. foot home in Cherry Hills at the time of separation and had average household expenses of $3,500 per month. As mother testified, "Money was not a consideration of anything that we did."

Counsel for father argued that the standard of living at the time of separation should not be considered by the trial court, since the petition for dissolution was filed only two months after moving into the Cherry Hills home.

■ This argument is totally unpersuasive, and we hold that where, as here, the evidence shows that the standard of living at the time of separation in all probability would have continued but for the dissolution, that is the standard of living the court must employ in its determinations. Section 14–10–115(1)(c), C.R.S.1973.

## II.

Here, the mother's uncontradicted evidence showed that the child's needs were approximately $1,200 per month. Of that total, $435 was attributable solely to the child, and approximately $765 constituted the child's pro rata share of necessary general family expenses for items such as housing, utilities, food, etc. The trial court's findings make no specific reference to this evidence, and we are unable to determine whether, or to what extent, the court considered the child's share of necessary general family expenses in its award.

**1348**

We hold that, pursuant to a determination of child support under § 14–10–115, C.R.S.1973, a court must consider and make findings concerning a reasonable *pro rata* portion of necessary general family expenses as "necessary for support of the child."

### III.

Mother also argues that the trial court erred when it failed to make its child support order retroactive to October 1, 1981, the date upon which the separation agreement provided husband would begin to pay child support. We disagree. In *In re Marriage of Serfoss,* 642 P.2d 44 (Colo.App. 1981), we held that "a husband cannot be required to reimburse his wife (or ex-wife) for amounts expended by her for child support prior to the entry of a child support order." Here, the order specifying an amount of support was entered on the date of the hearing on mother's motion for determination of child support payments. The trial court correctly ruled that father was not required to pay child support retroactive to October 1, 1981.

Mother's other contentions are without merit.

The order is reversed and the cause is remanded with directions to the trial court to enter an order requiring father to pay the child's total support pursuant to the agreement, in light of the factors enumerated in § 14–10–115, C.R.S.1973, and in this opinion. The order of the trial court heretofore entered as to child support shall remain in full force and effect pending entry of a new order of support. The new support order shall be effective as of the date of filing of mother's motion for determination of child support, pursuant to *In re the Marriage of Walsh,* 44 Colo.App. 502, 614 P.2d 913 (1980), and father shall be given credit for payments made under the order which is the basis of this appeal.

PIERCE and BERMAN, JJ., concur.