**In re the MARRIAGE OF Brent HAUGER, Appellant,**

**and**

**Claribel Hauger, Appellee.**

**No. 82CA1477.**

Colorado Court of Appeals, Div. III.

March 1, 1984.

---

Larry D. Myers, Colorado Springs, for appellant.

Bruce W. Warren, Niwot, for appellee.

STERNBERG, Judge.

Brent Hauger, the husband, appeals an order modifying a dissolution decree pursuant to a motion of Claribel Hauger, the wife. We affirm in part and reverse in part.

The husband filed a petition for dissolution of marriage in 1978, and following a trial, a decree of dissolution was duly entered in early 1979. The wife received custody of the parties' two minor children, and she was awarded child support, maintenance, and attorney fees. The husband was entitled to claim both children as income tax exemptions until the wife became employed, at which time he would claim the younger child and she the older. The couple's marital property was divided. In this regard, the marital residence was to remain in the parties' joint names with the wife remaining in possession until the emancipation of the younger child, remarriage of the wife, or until she sold it, whichever event occurred first. The court retained "such jurisdiction of this action as is provided by law."

In September 1980, the wife filed a motion to increase child support. The court denied the motion in December 1981. One month later, the wife moved for an order allowing her to claim an income tax exemption for the younger child, and for an order requiring the husband to pay certain costs and expenses relating to the marital residence. The court granted both motions on February 18, 1982. It ordered the husband to pay 40% of all house insurance costs, water assessment fees, and extraordinary house expenses, and modified the dissolution decree to permit the wife to claim the younger child as a dependent for income

tax purposes in those years in which she provided more than 60% of the child's support. The court also ordered that if the wife were required to go to court to collect extraordinary house expenses, the husband would be assessed the wife's fees and costs for such a proceeding. The husband moved to alter or amend the orders. In denying the motion, the court ordered the husband to pay the wife's attorney fees in defending against that motion.

I.

The husband first contends that the court erred by assuming jurisdiction to modify the property division order of February 15, 1979, and ordering him to pay expenses related to the home. He notes that these matters were not included in the original property division decree, and claims that insufficient evidence was presented to support the reopening of a final judgment pursuant to C.R.C.P. 60.

We do not accept the husband's premise that the court modified the property division and, hence, do not analyze the modification under C.R.C.P. 60. No property was divided by the court here. The husband was ordered to pay a portion of certain home-related costs: property insurance, water assessments, and extraordinary expenses. We consider these payments to be in the nature of maintenance.

Section 14–10–122(1), C.R.S. provides that a decree respecting maintenance may be modified "only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." The "test of unconscionability is whether there has been a substantial and continuing change of circumstances which renders the existing maintenance provision unfair, unreasonable, and unjust." *In re Marriage of DaFoe*, 677 P.2d 426 (Colo. App.1983).

In the decree of dissolution, the wife was given possession of the marital home until it was sold in accordance with specific conditions. Provision was made for distribution of the proceeds between the parties

upon sale. However, the decree was silent as to the payment of insurance on the home, or of water assessment fees or of extraordinary house expenses.

The husband paid approximately one-half of the insurance costs in 1979 and 1980, and a portion of the 1981 premium, but then refused to pay any of the costs with the result being that the policy lapsed. The mortgagee subsequently procured insurance on the home and added the premium to the loan amount which increased the wife's monthly payments. Also, the husband refused to pay any part of a water tap assessment on the home.

The decree, silent on these matters, was not unconscionable when granted because the husband was making payments of the type in question. His refusal to continue such payments has significantly altered the situation. This refusal constitutes a substantial and continuing change of circumstances which renders the decree unfair, unreasonable, and unjust. Thus, there was no error.

## II.

■ The husband also contends that the court erred in assuming jurisdiction to modify the tax exemption provision without sufficient evidence to support the reopening of the judgment pursuant to C.R.C.P. 60(b). We disagree. The court had retained jurisdiction over the maintenance and child support awards. "[A]n award of the right to claim dependency exemptions ... is subject to modification in the same manner as any provisions pertaining directly to child support." *Bradshaw v. Bradshaw*, 626 P.2d 752 (Colo.App.1981).

■ The trial court found that more than half of the expenses for the younger child are now being paid for by the wife and concluded that this "represents a substantial and continuing change in the circumstances rendering [the dissolution order] unconscionable." There being evidence in the record to support this finding, despite the husband's contention to the contrary, it is binding on this court on review. *Adler v. Adler*, 167 Colo. 145, 445 P.2d 906 (1968).

■ The husband contends, however, and we agree, that the court erred in making the change of exemption retroactive, requiring him to amend his 1979 income tax returns. Section 14–10–122(1), states that a provision of a decree respecting support "may be modified only as to installments accruing subsequent to the motion for modification ...." *In re Marriage of Walsh*, 44 Colo.App. 502, 614 P.2d 913 (1980). Thus, while the order that the wife have the tax exemption for the younger child for 1981 and future years was proper, the court erred in making such order retroactive.

## III.

The trial court ordered the husband to pay the wife's attorney fees for defending against his motion to alter or amend or to grant a new trial. Previously, the court had denied the motion for attorney fees regarding the hearing that preceded the motion in question. The husband contends that the court abused its discretion in this regard, and we agree.

■ By § 14–10–119, C.R.S., a court does have broad discretionary powers in granting or denying attorney fees. *In re Marriage of Davis*, 44 Colo.App. 355, 618 P.2d 692 (1980). As with all exercises of discretion, however, there are limits. The statute requires the court to consider the financial resources of the parties.

■ Here, there was no evidence that the financial resources had changed in the four month time period since the similar motion for fees had been denied. It would appear, therefore, that in awarding attorney fees the court was, in some way, punishing the husband for having filed his motion. An award of attorney fees should be made for the purpose of apportioning costs and fees equitably between the parties, *In re Marriage of Nichols*, 38 Colo. App. 82, 553 P.2d 77 (1976), and should not be used as a means of punishing a party for seeking a rehearing. Consequently, we hold that the trial court abused its discre-

tion in awarding attorney fees to the wife for "defending against" the husband's new trial motion.

We also find merit in the husband's contention that the court erred in its order regarding future attorney fees and costs. In ordering the husband to pay 40% of all extraordinary house expenses, the court also provided that if the wife had to apply to the court to collect the expenses, and if the court approved them, the husband was to pay the costs of the wife's action. The husband contends that this order unconstitutionally places a burden upon him, especially because no similar burden was placed on the wife.

As noted above, § 14–10–119, confers significant discretion on the trial court over attorney fees in dissolution matters. However, subjecting the husband to payment of the wife's costs if she is successful imposes a penalty upon him for exercising his right to contest any requested extraordinary expenses. *More v. Johnson,* 193 Colo. 489, 568 P.2d 437 (1977). *Cf. Baker v. Baker,* 667 P.2d 767 (Colo.App.1983). The award of such fees would be a matter for the court to consider, upon proper request, at the time of such future hearing under the criteria of the statute.

The judgment is reversed as to the provisions concerning the attorney fees awarded the wife for defending against the new trial motion, as to future fees, and as to the retroactivity of the tax exemption order. The judgment is affirmed in all other respects.

TURSI and BABCOCK, JJ., concur.