**Tobin Roy ETTIG, Plaintiff-Appellant,**

v.

**COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, an agency of the State of Colorado; Alan Charnes, Director of the Department of Revenue, Defendants-Appellees.**

No. 85CA0183.

Colorado Court of Appeals,
Div. IV.

March 6, 1986.

Law Offices of Bernard D. Morley, P.C., Bernard D. Morley, Robert K. Reimann, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendants-appellees.

HODGES, Justice.*

Tobin Roy Ettig appeals from the judgment of the Denver district court upholding the revocation of his driver's license by the Department of Revenue (department) for failure to submit to a chemical test for alcohol as required by § 42–2–122.-1(1)(a)(II), C.R.S. (1984 Repl. Vol. 17). We affirm.

Following his arrest on September 19, 1983, for driving a motor vehicle while under the influence of alcohol in violation of § 42–4–1202, C.R.S. (1984 Repl.Vol. 17), Ettig allegedly refused to submit to a breath test, and the arresting officer served Ettig with notice of the revocation of his driver's license in accordance with § 42–2–122.-1(4)(a), C.R.S. (1984 Repl. Vol. 17). Ettig made a timely request for a statutory hearing giving "130 Monaco, Denver," as his address. *See* § 42–2–122.1(5)(a), C.R.S. (1984 Repl. Vol. 17)

On October 6, 1983, the department sent by certified mail, to the above address, return receipt requested, a notice of hearing to be held on October 28, 1983. The notice was returned unclaimed on or about October 22. Ettig failed to appear at the October 28 hearing, and his license was consequently revoked for one year.

On November 8, Ettig's counsel telephoned the department to inquire of the status of the hearing. Counsel was informed that a hearing had been held on October 28 at which Ettig's license had been revoked. Counsel thereupon requested another hearing, asserting that Ettig had not received the notice. This request was denied, and subsequently Ettig filed a complaint in the district court for judicial review of the department's order.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

The district court ordered the case remanded to the department for a hearing, to be held within 60 days, to determine whether Ettig had just cause for failing to appear at the October 28 revocation hearing as contemplated by § 42–2–122.1(8)(e). The department held the hearing on September 11, 1984, more than 60 days after the district court order, and concluded that Ettig's failure to appear was without just cause. The case was returned to the court, which affirmed the findings of the department and sustained the revocation.

Ettig argues on appeal that, inasmuch as he did not receive actual notice of the hearing date, his failure to appear should be excused. We do not agree.

Ettig testified at the department hearing that, because of his work, he was out of the state during the month of October 1983 and that he lived alone and did not have anyone check his mail. It is undisputed that the notice was sent to the correct address and that the notice conformed to statutory requirements.

■ Under these circumstances, the holding of *Klingbeil v. State*, 668 P.2d 930 (Colo.1983) is instructive. Ettig knew his driver's license was in jeopardy when he requested the initial hearing and was thus under the obligation to monitor the procedure followed by the department and the consequences which could ensue. The department mailed the notice of hearing required by § 42–2–122.1(7)(e) in the manner specified by § 42–2–117(2). Ettig cannot now avoid revocation because of his own failure to give the department an address where the notice would truly reach him.

■ Ettig next asserts the district court erred in refusing to grant his motion to dismiss the revocation proceeding against him because the department failed to hold the hearing on remand within 60 days as the court ordered. We reject this contention.

The trial court has the discretionary power to enforce the completion or performance of its orders. *See generally Engleman v. Engleman*, 145 Colo. 299, 358 P.2d

864 (1961). The trial court's denial of Ettig's motion was not an abuse of that discretion.

Judgment affirmed.

ENOCH, C.J., and SILVERSTEIN, J.,* concur.