No. 18,390.

ALICIA H. CAWLEY *v.* BERNARD M. CAWLEY.
(340 P. [2d] 122)

Decided June 8, 1959.

Mr. THOMAS B. MASTERSON, for plaintiff in error.

Mr. John J. Gibbons, Mr. Bruce Ownbey, Mr. Albert S. Golbert, for defendant in error.

*En Banc.*

Mr. Chief Justice Knauss delivered the opinion of the Court.

Plaintiff in error, hereinafter referred to as the wife, was defendant in a divorce action brought by her then husband on March 1, 1955. This suit resulted in an interlocutory decree in divorce being granted to the husband on June 20, 1956, which decree by its terms became a final decree in divorce on December 21, 1956. In these interlocutory and final decrees nothing is said about alimony, temporary or permanent, or a property settlement, neither were the matters nor any of them reserved.

On May 6, 1957, the wife filed her "Petition for Property Settlement" wherein she prayed that the court "determine the legal rights in and to the real and personal properties standing in the names of the Plaintiff and Defendant, making equitable distribution of the properties therein."

On January 25, 1955, plaintiff in error and defendant in error entered into a written contract for the division of the several properties owned by them respectively. This agreement was offered on the hearing held on the wife's petition for property settlement. Apparently the wife filed a lis pendens notice pending determination of her Petition for Property Settlement.

The trial court denied the wife's petition for a property settlement, and ordered the lis pendens released. The wife brings the case here on writ of error.

Nowhere in the record or the briefs of the wife's counsel is it intimated that the provisions of the executed agreement for division of property were incorporated in and became a part and parcel of the interlocutory and final decrees of divorce, or was reserved for future con-

sideration. Had it been incorporated in the decrees it would have ceased to have an independent status. The contract in the instant case was not merged in the divorce proceedings. *Gavette v. Gavette,* 104 Colo. 71, 8'8 P. (2d) 964; *Murphy v. Murphy,* 138 Colo. 516, 335 P. (2d) 280.

Hence the question of the division of property not having been adjudicated before the interlocutory and final decrees, or reserved for future consideration, rests upon the contract made by the parties and the relief sought by the wife in May 1957 in the divorce action was beyond the jurisdiction of the trial court.

The judgment is affirmed.

MR. JUSTICE FRANTZ specially concurring.

MR. JUSTICE DOYLE not participating.

MR. JUSTICE FRANTZ specially concurring:

I am not in agreement with language in the majority opinion, although I am in accord with the result. Under the laws relating to divorce in effect at the time of the trial of this case, the trial court had the authority to enter decrees for the division of property within a reasonable time after the final decree of divorce. It is my opinion that more than a reasonable time had elapsed in this case and therefore the court was without power to entertain any hearings in relation to division of property.

Originally statutes relating to divorce provided for relief other than the divorce by commencing: "When a divorce *shall be decreed,*" the court shall have authority to enter such relief. Section 922, General Laws, State of Colorado, 1877. Subsequently the Act was amended, but the foregoing language was retained. Section 2118, Rev. St. Colo. 1908.

The law in effect at the time of the trial in this case provided that, "When a divorce has been granted the

442

court \* \* \* may decree a division of property." The change in tense, we must assume, was done with a purpose. The clause, "when a divorce has been granted," is in the passive voice, present perfect tense. It is descriptive of past action. When an act has been done, we refer to something that has occurred. Grammatically the present perfect tense signifies that the action is perfected or completed.

The construction we should place upon the language is that the court had the authority to decree a division of property within a reasonable time after the entry of the final decree of divorce.