No. 19,751.

Edward Triebelhorn v. Katie Turzanski as Administratrix of the Estate of Alice Triebelhorn, deceased.

(370 P. [2d] 757)

Decided March 26, 1962.  Rehearing denied April 30, 1962.

Mr. JOHN T. DUGAN, for plaintiff in error.

Messrs. MELLMAN, MELLMAN & THORN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

ALICE TRIEBELHORN brought an action against her husband, Edward Triebelhorn, seeking a divorce on the grounds of extreme and repeated acts of cruelty. We shall hereafter refer to these parties as "Alice" and "Edward."

On June 12, 1950, after a non-contested trial to the court, Alice was granted an interlocutory decree in divorce, the decree reciting, in part, that custody of the three minor children of the parties was awarded to her with visitation rights granted to Edward, who in turn was ordered to pay into the registry of the court forty-five dollars every two weeks for the support of the minor children. The interlocutory decree was completely silent both as to alimony and division of property.

On December 13, 1950, a final decree in divorce was entered by the court "upon the terms and conditions contained in the Interlocutory Decree." This final decree also failed to make mention of a division of the property owned by the parties, nor did it reserve the matter for future consideration by the court.

On December 12, 1951, Alice filed a "Motion for Division of Property" wherein she sought an order of court

that she be decreed to be the sole owner of certain real estate then jointly owned by herself and her former husband, this property being their family home and consisting of one lot and the modest improvement located thereon. Hearing on this motion was held on February 1, 1952, the court stating upon the conclusion of the hearing that a written order would follow.

On October 13, 1954, Alice filed a petition wherein she stated that the court had theretofore on December 12, 1951, verbally ordered Edward to execute and deliver to her a deed conveying his interest in the subject property, the court at the time stating that a written order would follow, but that in fact no written order ever followed, and she asked that Edward be compelled to convey his interest in this property to her. On November 16, 1954, this petition was granted and Edward ordered to convey his interest in the property to his former wife.

. However, this order was never complied with by Edward, and on November 22, 1958, Alice died. Katie Turzanski, the mother of Alice, was appointed administratrix of the estate of her deceased daughter, and on September 8, 1960, she was by order of court "substituted" for Alice in the divorce action. On this same day in an ex parte proceeding the court ordered Edward to convey the above described property to the administratrix within five days, with the proviso that if he did not do so a trustee would be appointed and directed to convey for him.

Edward was eventually served with a copy of this order, whereupon he promptly moved to vacate the same. This motion was denied and on December 22, 1960, the court ordered the clerk of court to convey all interest of Edward and his mother, Lydia Triebelhorn, in Lot 9, Block 5, Garden Place, Denver, to Katie Turzanski. Motion for new trial was formally dispensed with by order of court, and by writ of error Edward seeks reversal of the judgment.

■ Edward contends that the trial court had no authority to enter its order of December 22, 1960, because it had no jurisdiction over the subject matter, and, similarly, that even on November 16, 1954, the court had already lost jurisdiction to make the purported division of property. We conclude that Edward is correct in this contention and that although the court at the time of the entry of the final decree in 1950 had jurisdiction to divide the property of the parties as an incident to their divorce, it did not then do so nor did it reserve the matter for future consideration, hence it lost jurisdiction to thereafter make a valid division thereof.

Recapitulating, the final decree failed to make a division of property between the parties. Neither did it reserve the matter for future consideration by the court. Nor does the record disclose that independent of the decree proper, such was nevertheless the actual intent of the parties. This being the situation, the trial court lost jurisdiction to thereafter divide the property between the parties. See *Rodgers v. Rodgers,* 137 Colo. 74, 323 P. (2d) 892 and *Cawley v. Cawley,* 139 Colo. 439, 340 P. (2d) 122.

■ Katie Turzanski, as administratrix, attempts to avoid this well-recognized rule, which precludes division of property made long subsequent to the entry of a final decree in divorce, by contending that the 1960 order was merely a supplemental order enforcing the 1954 order which in turn had directed Edward to convey his interest in this property to his former wife, and that since Edward did not challenge this 1954 order by writ of error he cannot now do so. Such argument overlooks the rule that the defense of lack of jurisdiction over the subject matter can be raised at any time, even for the first time in this Court, and that a trial court which in fact lacks jurisdiction over the subject matter cannot acquire jurisdiction even though the parties expressly or impliedly consent thereto. *Meyers v. Williams,* 137 Colo.

325, 324 P. (2d) 788; *McCoy v. McCoy*, 139 Colo. 105, 336 P. (2d) 302.

The judgment is reversed with directions to vacate all orders commanding Edward, Lydia Triebelhorn and the clerk of court to convey the subject property, and to dismiss the petition and the motion for divison of property.

MR. JUSTICE HALL and MR. JUSTICE SUTTON concur.