No. 20763.

Seburn J. Alexander *v.* Eva M. Alexander.

(396 P.2d 966)

Decided November 30, 1964.

Duane O. Littell, Joseph R. Quinn, for plaintiff in error.

White and Steele, John E. Clough, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

The parties appear here in the reverse order of their appearance in the trial court. We will refer to plaintiff

in error as defendant or by name, and to defendant in error as plaintiff or by name.

Eva filed her action for divorce in the district court of Arapahoe county, Colorado, June 5, 1958. Seburn filed his answer and counterclaim for divorce on August 15, 1958. The parties respectively alleged repeated acts of cruelty as their grounds for divorce. The action was filed prior to the adoption of the Divorce Act of 1958 (Colo. Session Laws of 1958, C.37, p. 224). As required by the statutes then in force, the entry of an interlocutory decree of divorce was necessary before a marriage could be dissolved. In the instant case such a decree, dated December 5, 1958, was entered in favor of Eva. It provided, inter alia, that:

" * * * and that after the expiration of such period, if no appeal has been taken or writ of error issued to review the same, and this decree has not been set aside, *this decree shall be and become a final decree of divorce at the expiration of six months from the date hereof, and the parties shall be then divorced.* * * *

"Ordered, Adjudged and Decreed, *that all questions of division of property temporary and permanent alimony, attorney fees and court costs reserved until further order of Court.*" (Emphasis supplied.)

A final decree of divorce was entered on June 19, 1959. It contained the following provision:

"IT IS ORDERED, ADJUDGED AND DECREED by the Court, that more than six (6) months' time has elapsed since the entry of said Interlocutory Decree and that said Interlocutory Decree has become and now is a Final Decree of Divorce as of June 6, 1959 *made and entered upon the terms and conditions contained in the Interlocutory Decree, or any modification or change thereof subsequently made by the Court.*" (Emphasis supplied.)

In her complaint for divorce Eva requested that a division of property be made between the parties, and

that she be awarded temporary and permanent alimony, costs of the action, and attorneys' fees. Except as hereinabove shown, no orders with relation to this relief were entered prior to June 13, 1961. On that date, counsel for Eva served notice on counsel for Seburn that on July 28, 1961, Eva would appear in court and ask that a hearing be had to determine alimony, division of property, attorneys' fees, and court costs, pursuant to the prayer of her complaint.

On July 28, 1961, the questions involving payment of alimony, division of property and attorneys' fees were heard by the court. The plaintiff was present in person and by counsel. The defendant was not personally present but was represented by his counsel of record. At the conclusion of the hearing the court ordered as follows:

"IT IS, THEREFORE, ORDERED that the defendant convey to the plaintiff by good and sufficient deed his interest in Lot 14, Block 2, Littleton Park, Arapahoe County, Colorado, and that the defendant, within a reasonable time, pay the sum of Five Hundred Dollars ($500.00) to Lowell White, attorney for the plaintiff, and it is ordered that judgment be entered against the defendant in favor of the plaintiff in the sum of Four Thousand Seven Hundred Dollars ($4,700.00) and shall pay the costs of this action."

On February 14, 1963, defendant, by his attorney, filed a motion to vacate the order and judgment of July 28, 1961, on the grounds that the court was without jurisdiction to enter the Order, Findings and Judgment. This motion was heard and denied on March 12, 1963.

The defendant is here on writ of error contending, inter alia: That the trial court erred in denying the motion to vacate because, "The final decree of divorce, entered on June 19, 1959, made no express provision for alimony, division of property, traveling expenses, attorneys' fees and court costs, and therefore, the district court had no jurisdiction to subsequently enter its judg-

ment and order of July 28, 1961, * * *." Defendant relies chiefly on *Triebelhorn v. Turzanski,* 149 Colo. 558, 370 P.2d 757, in which it was held, under the circumstances there present, that the trial court had lost jurisdiction to divide property as between parties to a divorce action. In that case, however, it appears that neither in the interlocutory decree, nor in the final decree thereafter entered, did the trial court reserve jurisdiction to make orders with reference to a division of property.

In the instant case the interlocutory decree made a specific reservation of jurisdiction to thereafter determine the questions involved in the present controversy. The following language from the opinion in *Rodgers v. Rodgers,* 137 Colo. 74, 323 P.2d 892, is pertinent:

" * * * If there is any magic to the entry of a formal final decree, which the Court is not required to do under Colorado law, prior orders of the Court were merged therein by the words which we find in the final decree, to-wit: 'upon the terms and conditions contained in the interlocutory decree of any modification or change thereof *subsequently* made by the Court.'

* * *

"Consistent with the entire litigation, the Court ties its final orders to the temporary orders."

The interlocutory decree specifically retained jurisdiction for future consideration of alimony and property rights. All the reservations of jurisdiction contained therein were incorporated in the final decree by reference.

Resolution of the question of jurisdiction in the manner above indicated disposes of all other questions raised by counsel for defendant.

The judgment is affirmed.

Mr. Justice Hall and Mr. Justice Frantz concur.